[S. F. No. 10996. In Bank.—October 29, 1925.]

## WILLIAM A. SHIPPY, Respondent, v. PENINSULA RAPID TRANSIT COMPANY (a Corporation) et al., Appellants.

[1] Trial — Inquiry as to Desire of Jurors for Argument and Instructions—Prejudicial Irregularity—New Trial.—The action of a trial judge in inquiring of the jury, at the close of the taking of the evidence, whether they were then prepared to pass upon the issues of both fact and law involved in the case without either argument of counsel upon the facts or instructions from the court upon the law of the case, amounted in substance to a requirement of the jurors that they evince a fixed state of mind with respect to both the facts and law of the case which they were not entitled to hold or to express at that stage in the proceedings, and constituted a serious and prejudicial irregularity occurring during the trial of the cause and for which a new trial was properly granted, where in response to the judge's inquiry ten of the jurors, by rising, evinced that they were in that fixed state of mind wherein they did not desire to hear either argument of counsel upon the facts or the instructions of the court as to the law of the case.

[2] Id.—Argument—Instructions—Duty of Jury.—It is the long-established right of both of the parties thereto to have an opportunity to argue the cause and to have the jury after such argument instructed by the judge of the court as to the law of the case; and it is equally the duty of the jury under the admonition of the court not to form or express an opinion with respect to the merits of either the facts or the law of the case until the case should be finally submitted to them.

[3] Id.—Argument—Waiver.—Where, at the conclusion of the taking of the evidence in a jury case and before the trial judge inquired of the jury whether they desired argument of counsel and instructions from the court, plaintiff's counsel stated, "I think it is a matter which should be argued, at least for a short time," the further statement of plaintiff's counsel that "I submit that the jury ought to be instructed as to the law of the case," made after ten of the jurors, in response to the trial judge's inquiry, had indicated that they did not desire either argument or instructions, did not amount to a waiver of the right of plaintiff's counsel to argue the case to the jury; and plaintiff counsel's later consent to waive argument, which was unwillingly obtained by reason of the conditions created by the action of the trial judge in instituting said inquiry,

1. See 24 Cal. Jur. 742; 2 R. C. L. 405.
2. See 24 Cal. Jur. 741.

did not suffice to cure the error resulting from the trial judge's action.

[4] NEGLIGENCE — PERSONAL INJURIES — NEW TRIAL — CONTRIBUTORY
NEGLIGENCE — INSTRUCTIONS — APPEAL. — On an appeal from an
order granting a new trial in an action for damages for personal
injuries, where it is conceded that the defendants by their plead-
ings presented no issue upon the subject of the plaintiff's con-
tributory negligence, but, on the other hand, not only expressly
refrained from so doing, but that during the trial of the cause
no issue as to the contributory negligence of the plaintiff was
tendered by the evidence nor was the case tried upon the theory
that the plaintiff's contributory negligence was an issue in the
case, the trial court should have refrained from giving the instruc-
tions which it did give upon the subject of contributory negligence,
although the appellate court is not prepared to say that the giving
of such instructions would, under the circumstances presented in the
case, constitute reversible error.

(1) 29 **Cyc.**, p. 772, n. 93, p. 1324, n. 10 New.   (2) 38 **Cyc.**, p. 1470,
n. 24, p. 1691, n. 51, p. 1823, n. 19 New.   (3) 38 **Cyc.**, p. 1324,
n. 10 New, p. 1471, n. 38.   (4) 4 **C. J.**, p. 1035, n. 40; 38 **Cyc.**,
p. 1612, n. 13, p. 1615, n. 21.

APPEAL from an order of the Superior Court of the
City and County of San Francisco granting a new trial.
H. L. Preston, Judge Presiding.   Affirmed.

The facts are stated in the opinion of the court.

John Ralph Wilson and Morris & Maguire for Appel-
lants.

Cyril Appel and Ivores R. Dains for Respondent.

RICHARDS, J.—This is an appeal from an order grant-
ing a motion for a new trial after a verdict in the de-
fendants' favor in an action to recover damages claimed
to have been suffered by the plaintiff as the result of a
collision between the plaintiff's automobile and a motor-
bus being operated by the defendants. The facts of the
case which formed the basis of said motion and of this
appeal are undisputed and are as follows: The cause came
on to trial before a jury. At the conclusion of the taking

4.   See 24 Cal. Jur. 830; 14 R. C. L. 786.

of evidence in the case the following proceedings were had:

"Mr. Wilson (Defendants' Counsel): That is all, we are willing to submit it without argument.

"Mr. Appel (Plaintiff's Counsel): I think it is a matter that ought to be argued at least for a short time.

"The Court: I wish you would pay attention to what I am going to say and not volunteer any information that I do not want. Now, those jurors in the box who feel reasonably satisfied that they can determine the facts in this case without any argument of counsel, or without instructions from the court, without giving any indication of which way they feel about the matter—the court doesn't want anything of that kind. I don't want to know what your opinion is at all—I simply want to find out if there are any jurors who feel that they have heard the testimony and that they thoroughly understand it, and that they can pass on the issues of fact in this case without any instructions from the court, or without any argument of counsel. Now, those—after awhile I am going to ask them to stand up—those that feel that they would like to have argument of counsel and the instructions of the court, and deliberate on the matter, of course, they will sit down. Now, if there are any who feel that they are satisfied as to the facts of this case, they will please signify by standing up.

"Thereupon ten jurors stood up.

"The Court: Now, gentlemen, do you wish to argue the case?

"Mr. Wilson: We are willing to waive arguments and instructions.

"Mr. Appel: I submit that the jury ought to be instructed as to the law in this case.

"The Court: We will take an adjournment until 2 o'clock.

"Mr. Appel: If the instructions will be short, there is no objection to the case going to the jury.

"The Court: It would not be fair to the jury, it will take some time to read the instructions and it is now the noon hour.

"Mr. Wilson: It is all right as far as I am concerned if the court wants to let them go at noontime, I am willing

to waive any objections to instructions and let your honor give such instructions as you see fit.

"Mr. Appel: I think the convenience of the jury at this time ought to be consulted.

"A Juror: I have a lunch engagement, I would like to keep it if I could.

"The Court: Then you are excused until 2 o'clock.

"The court thereupon gave the usual admonition to the jury and the action was continued for further hearing until 2 o'clock P. M., and at that time the following proceedings took place:

"The Court: It appears to the court that the jurors are all present.

"Mr. Wilson: Yes, your honor.

"Mr. Appel: Yes, your honor.

"Mr. Appel: In accordance with the conversation had with Mr. Wilson and your honor during the noon recess, I would like to have an exception noted to what transpired in the courtroom, and I might say, if your honor please, that inasmuch as a great number of the jurors have expressed their desire to decide this case without argument, so far as argument is concerned, the plaintiff will waive argument. The only thing I would suggest is that if they desire the photographs or the exhibits in the case, why, the jurors might take them with them so that they would have them before them.

"The Court: No objection?

"Mr. Wilson: No objection.

"The Court: Note the exception."

The court thereupon instructed the jury and in so doing gave certain instructions upon the subject of contributory negligence which will be hereinafter considered. The jury then retired and within thirteen minutes thereafter returned with a verdict in the defendants' favor. Judgment was entered in accordance with said verdict, and thereafter and in due time the plaintiff served and filed his notice of intention to move for a new trial, specifying all of the statutory grounds for said motion, supported by the minutes of the court and by the affidavit of plaintiff's said counsel embodying the episode above detailed and designating the same as an irregularity in the proceedings by the court by which the plaintiff was prevented from having

a fair trial. No opposing affidavit was filed. The motion for a new trial came on regularly to be heard before a judge other than the judge who had tried the cause and was argued and submitted; and the judge hearing said motion thereafter made the order generally granting the plaintiff's motion for a new trial without specifying therein that the same was granted upon the ground of the insufficiency of the evidence to sustain the verdict, and also without making any other specification. The defendants appeal from said order and urge in support of said appeal that no proper or sufficient ground appeared for the making of said order. The respondent on his part urges that the record discloses two sufficient grounds as the support for said order. They are, first, that the action and conduct of the court in the matter of the proceedings immediately following the close of the evidence in the case and which are above detailed constituted a serious irregularity and amounted to prejudicial error on the part of the trial court; second, that the trial court committed prejudicial error in giving its said instructions upon the subject of contributory negligence. It is conceded that both of these questions were properly before the judge who heard and granted the plaintiff's motion for a new trial and that if the position of the respondent as to either of said matters is found to be correct the order granting a new trial must be affirmed.

[1] As to the first of these questions we are of the opinion that the action and conduct of the trial judge as above given in detail constituted a serious and prejudicial irregularity occurring during the trial of the cause and for which a new trial should have been and was properly granted. [2] It is the long-established right of both of the parties thereto to have an opportunity to argue the cause and to have the jury after such argument instructed by the judge of the court as to the law of the case; and it was equally the duty of the jury under the admonition of the court not to form or express an opinion with respect to the merits of either the facts or the law of the case until the case should be finally submitted to them. The action of the trial court in the instant case in inquiring of the jurors whether they were then prepared to pass upon the issues of both fact and law involved in the case

without either argument of counsel upon the facts or instructions from the court upon the law of the case amounted in substance to a requirement of the jurors that they evince a fixed state of mind with respect to both the facts and law of the case which they were not entitled to hold or to express at that stage in the proceedings. Ten of the jurors, however, arose and in so doing evinced that they were in that fixed state of mind wherein they did not desire to hear either the argument of counsel upon the facts or the instructions of the court as to the law of the case; whereupon the trial judge said to counsel: "Now, gentlemen, do you wish to argue the case?" Prior to the institution of the foregoing inquiry on the part of the trial judge counsel for the plaintiff had stated: "I think it is a matter which should be argued, at least for a short time"; but after the inquiry of the trial judge as to the views of the jury upon the subject and the reaction of ten of their number thereon the response of counsel for the plaintiff to the above final inquiry of the trial judge was: "I submit that the jury ought to be instructed as to the law of the case." It is urged by the appellants herein that this amounted to a waiver of the right of plaintiff's counsel to argue the case to the jury. [3] We cannot yield concurrence to this view. The trial judge had no right to put upon counsel engaged in a jury trial the stress of such a dilemma, since to insist upon arguing the cause under the circumstances thus improperly created by the action of the trial judge would be to run counter to the expressed desire of the majority of the jurors not to hear argument and thereby risk losing whatever of favor counsel hoped to have in their eyes; or, on the other hand, to surrender the right of his client to the full benefit of an argument by his counsel of his case. This tacit consent of plaintiff's counsel to waive his right to present an argument in the cause cannot under the stress of such a condition be held to have been freely or properly obtained; nor do we think his later consent to waive argument thus unwillingly obtained would suffice to cure the error, and it must therefore be concluded that the conduct of the trial judge in thus improperly interrogating the jury and in thereby bringing about the unwilling consent of plaintiff's counsel to submit the cause without argument constituted

a serious and prejudicial irregularity fully sufficient to justify the granting of plaintiff's motion for a new trial based thereon.

The conclusion we have thus far arrived at renders unnecessary the discussion of the further ground urged by the respondent herein to the effect that the trial court was in error in the giving of certain instructions upon the subject of contributory negligence. [4] It is conceded that the defendants by their pleadings presented no issue upon the subject of the plaintiff's contributory negligence, but on the other hand, not only expressly refrained from so doing, but that during the trial of the cause no issue as to the contributory negligence of the plaintiff was tendered by the evidence nor was the case tried upon the theory that the plaintiff's contributory negligence was an issue in the case. In such a state of the record we are of the opinion that the trial court should have refrained from giving the instructions which it did give upon the subject of contributory negligence, although we are not prepared to say that the giving of such instructions would, under the circumstances presented in this case, constitute reversible error.

The order is affirmed.

Shenk, J., Myers, C. J., Waste, J., Seawell, J., Lawlor, J., and Lennon, J., concurred.