**SUE HOO CHEE v. UNITED STATES.**

No. 11481.

Circuit Court of Appeals, Ninth Circuit.

Aug. 26, 1947.

Walter E. Hettman and Chan Chung Wing, both of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., of San Francisco, Cal., and Harlan M. Thompson and Emmet J. Seawell, Asst. U. S. Attys., both of Sacramento, Cal., for appellee.

Before GARRECHT, DENMAN, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Appellant was convicted by a jury of violating 21 U.S.C.A. § 174 in that he concealed smoking opium. He appeals from the judgment which followed.

Appellant claims that the United States Attorney was guilty of prejudicial misconduct in that he questioned witnesses as to whether or not appellant's wife was a user of opium and that such inquiry was irrelevant, immaterial and prejudicial and that evidence to the effect that appellant operated a gambling house was subject to the same objections.

While appellant was on the stand he testified that he had never come in contact with opium in any form and had never seen a bindle of opium, that his wife was ill the evening of his arrest. The United States Attorney asked if the illness was not from smoking opium. The question was not allowed to be answered. Later on defense counsel reopened the subject by asking appellant's wife whether or not she was a user of opiates, to which she very positively answered in the negative.

Thereafter, the United States Attorney elicited evidence from the narcotic officer who participated in the arrest of appellant to the effect that the officer could tell by observing a person whether or not the person observed was an addict. Objections to this line of questioning were overruled. After the qualification questions had been answered the United States Attorney asked the officer to give his opinion as to whether or not appellant's wife was an addict. To this question the court sustained appellant's objections. The United States Attorney argued the materiality of the inquiry upon the ground that if the wife was an addict this fact would tend to show that appellant was not telling the truth when he testified that he had never come in contact with opium and that he had never seen a bindle of opium. The correctness of the court's ruling is not questioned in this appeal but it is clear that the United States Attorney's theory was not illogical.

We are of the opinion that there was no reversible error in the United States Attorney's inquiry nor was there reversible error in the court's action in permitting the qualification questions to the officer. By hindsight it may appear rather certain that the qualification was for the purpose it turned out to be used for and that the court should have disallowed it at the start since the court thought such inquiry as to the wife was improper. On the other hand, it was altogether possible, so far as the court's knowledge went, that the qualification was for the purpose of asking the officer's opinion as to appellant's use of narcotics.

The record too indicates that counsel was satisfied with the court's ruling on this issue for he started to voice a request for a direction to the jury but after the court ruled he did not finish the request. The court's instructions upon submitting the case were very plain that the verdict should be arrived at solely upon the evidence adduced. No special instruction was asked and no motion to acquit was made after the evidence was all in. Counsel, in open court stated: "We will stipulate we accept the instructions as they are without objection."

The gambling house question is unmeritorious. A witness to appellant's good character was under cross examination and he was asked as to his knowledge or belief that a part of the premises testified by appellant as used for a soda fountain was also used for gambling. The question was not allowed. Thereafter, while appellant was under cross examination the United States Attorney put the question: "Isn't it a fact, Mr. Chee, that you also operated that establishment as a gambling establishment?" Defense counsel objected upon the ground that the United States Attorney was trying to prejudice the appellant before the jury. The objection being overruled appellant

answered that for a time during the preceding year he had taken a percentage on card gambling.

The cross examination was legitimate; it corrected appellant's evidence as to the use the premises had been put and went to appellant's credibility.

We are moved to add that if it may be assumed that jurors are so unreliably fallible as appellant's argument indicates, then the jury system is little better than trial by ordeal. However, long application of the system has convinced legal philosophers and ordinary and great judges that twelve persons of average intelligence are not easily led from the substantial evidence of a case. When twelve jurors sit down to deliberate upon their solemn duty of pronouncing innocence or guilt upon a fellow human each exposes his own particular views of the evidence to the sound judgment of all with the result that tangential views have little chance of survival and practically none of getting eleven approving votes.

We have read every citation submitted in this appeal and our conclusion is that authority does not support any claim of error made in this case.

Affirmed.