**CAVNESS v. UNITED STATES.**
No. 12514.

United States Court of Appeals
Ninth Circuit.
March 5, 1951.
Rehearing Denied April 12, 1951.

720

Herbert Chamberlin, San Francisco, Cal., Fong, Miho & Choy, Honolulu, T. H., for appellant.

Ray J. O'Brien, U. S. Atty., Howard K. Hoddick, Asst. U. S. Atty., Honolulu, T. H., Frank J. Hennessy, U. S. Atty., San Francisco, Cal., for appellee.

Before STEPHENS and HEALY, Circuit Judges, and MATHES, District Judge.

MATHES, District Judge.

By unanimous jury verdict appellant was adjudged guilty of purchasing cocaine and heroin not "in the original stamped package or from the original stamped package". 53 Stat. 271, (1939), as amended, 26 U.S. C.A. § 2553(a). He brings this appeal, 28 U.S.C.A. §§ 91, 1291, designating as error four rulings of the district court.

The first claim is that eight capsules of cocaine were erroneously admitted in evidence since taken from appellant by means of unlawful search and seizure. It is settled that evidence obtained by federal officers as a result of unlawful search and seizure is inadmissible in the federal courts. Agnello v. United States, 1925, 269 U.S. 20, 33–34, 46 S.Ct. 4, 70 L.Ed. 145; U.S.Const.Amend. IV. But equally well established is the right of arresting officers, as an incident to lawful arrest, to search both the person of the accused and the place of arrest, in order to find and seize evidences of the crime. Agnello v. United States, supra, 269 U.S. at page 30, 46 S.Ct. 4; Weeks v. United States, 1914, 232 U.S. 383, 392, 34 S.Ct. 232, 58 L.Ed. 652.

In the case at bar, upon the filing of an affidavit stating that cocaine had been purchased from appellant at the dwelling house he occupied, the United States Commissioner issued a warrant to search the house. While executing the warrant the narcotics agent designated therein, accompanied by several Honolulu policemen, confronted appellant in the yard behind the house. As the agent approached to serve the warrant, appellant attempted forcibly to shove him away. During the ensuing struggle appellant endeavored to chew up and destroy an inhaler tube which he held in his hand. After appellant had been subdued and handcuffed, six loose capsules of cocaine and two capsules adhering to the top of the inhaler were found on the lawn where the arrest was made.

The narcotics agent had no warrant of arrest. It is conceded however that an officer may lawfully arrest without warrant persons who he has probable cause to believe have committed a felony. See Johnson v. United States, 1948, 333 U.S. 10, 15, note 5, 68 S.Ct. 367, 92 L.Ed. 436; United States v. Di Re, 1948, 332 U.S. 581, 591, 68 S.Ct. 222, 92 L.Ed. 210; Carroll v. United States, 1925, 267 U.S. 132, 156–157, 45 S.Ct. 280, 69 L.Ed. 543; Young v. Territory Hawaii, 9 Cir., 1947, 163 F.2d 490, 496. But appellant urges that here no probable cause existed.

It was shown that the narcotics agent making the arrest was reliably informed that appellant recently had made sales of cocaine. And when the agent approached appellant, stating his identity and showing the warrant of search, appellant forcibly resisted the approach and attempted to destroy the inhaler tube in his possession. Under those surrounding circumstances what the agent "saw and ascertained was quite sufficient to warrant a man of prudence and caution and his experience in believing that the offense had been committed" of possessing cocaine illegally. Steele v. United States, 1925, 267 U.S. 498, 505, 45 S.Ct. 414, 417, 69 L.Ed. 757; Brinegar v. United States, 1949, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879; cf. Stacey v. Emery, 1878, 97 U.S. 642, 645, 24 L.Ed. 1035; 53 Stat. 271 (1939), as amended, 26 U.S.C.A. § 2553(a).

The arrest was therefore lawful. And reasonable area of search for evidence of the crime included appellant's yard immediate to the place of arrest. See United States v. Rabinowitz, 1950, 339 U.S. 56, 61–64, 70 S.Ct. 430, 94 L.Ed. 653. Hence cocaine seized in that area was properly admitted in evidence.

Appellant next asserts that his motion for acquittal was erroneously denied since the government failed to prove that the capsules of cocaine were not in the original stamped package, did not have requisite tax stamps on them, and did not come from the original stamped package. Fed.R.

Crim.P. 29(a, b), 18 U.S.C.A.; and see Globe Liquor Co. v. San Roman, 1948, 332 U.S. 571, 574, 68 S.Ct. 246, 92 L.Ed. 177.

■ The statute under which Appellant was indicted and convicted provides that "the absence of appropriate tax-paid stamps from * * * [cocaine] shall be prima facie evidence of a violation of this subsection by the person in whose possession" such drug is found. 53 Stat. 271 (1939), as amended, 26 U.S.C.A. § 2553(a). The burden of proof is thus placed upon an accused to show lawful possession. Casey v. United States, 1928, 276 U.S. 413, 418, 48 S.Ct. 373, 72 L.Ed. 632. The record does not reveal that appellant made any effort to meet that burden.

■ The last two designated errors are the rulings on appellant's motions for mistrial and for new trial. Fed.R.Crim.P. 33. This court will not review a trial court's ruling on motion for a mistrial, or on motion for a new trial, in search of alleged errors of fact, see Utley v. United States, 9 Cir., 1940, 115 F.2d 117, 118, certiorari denied, 1941, 311 U.S. 719, 61 S.Ct. 440, 85 L.Ed. 468, but will review the ruling for error of law or abuse of discretion. Fairmount Glass Works v. Cub Fork Coal Co., 1933, 287 U.S. 474, 481–485, 53 S. Ct. 252, 77 L.Ed. 439; United States v. Hayes, 9 Cir., 1949, 172 F.2d 677, 679–680.

During the trial appellant moved for mistrial upon the ground that an unresponsive statement by a witness was so prejudicial as to make impartial deliberation by the jury impossible. The denial of this motion is assigned as reversible error.

■ Prejudice resulting from an unresponsive statement of a witness is cured in most instances by striking the statement and instructing the jury to disregard it. Cf. Pennsylvania Co. v. Roy, 1880, 102 U.S. 451, 459, 26 L.Ed. 141. The statement may however be so prejudicial—so impressive—that its effect upon the minds of the jury cannot be considered removed by instructions to disregard. Beck v. Wings Field, Inc., 3 Cir., 1941, 122 F.2d 114, 117. In such exceptional instances a new trial must be ordered.

At the trial of this case, in response to government counsel's question: "Did you and the other officers have any difficulty in subduing the defendant?" the witness answered: "Yes, we did; the defendant was very powerful. It seemed to me that the defendant was 'hopped up'." On appellant's motion to strike the answer the court ruled: "Definitely it may go out, and the jury is instructed to disregard it."

■ Whether or not the defendant was "hopped up"—under the influence of narcotics—was not in issue. Compare Waldron v. Waldron, 1895, 156 U.S. 361, 15 S.Ct. 383, 39 L.Ed. 453. Assuming it was prejudicially unresponsive for the witness thus to have described the appellant as the latter appeared to him, we are not persuaded that the objectionable statement was of such nature as to preclude impartial consideration of the case by the jury. See Hazeltine v. Johnson, 9 Cir., 1937, 92 F.2d 866, 869–870. Presumably the jury considered only legal evidence in reaching their verdict, and the district judge so found. Pennsylvania Co. v. Roy, supra, 102 U.S. at page 459.

After verdict appellant moved in the alternative for new trial, Fed.R.Crim.P. 29(b), upon two grounds: (1) that a juror who was a reserve police officer did not respond when the jury panel as a whole were asked whether any were or had been reserve police officers, and (2) that a member of the jury left the jury room and made two telephone calls during the time the jury were out to deliberate. The district court's denial of this motion is appellant's last claimed ground for reversal.

One juror, a reserve officer in the Honolulu Police Department, did not respond when the jury panel were asked as a whole if any were or had been reserve police officers. It may be nothing more than coincidence, but the record discloses that the juror in question was the only venireman whom appellant's counsel did not question individually concerning membership in the reserve police force.

■ Since the challenge was made upon motion for a new trial, our inquiry upon

review is limited to whether being a reserve police officer was "so obvious a disqualification or so inherently prejudicial as a matter of law * * * to require the court * * * to set the verdict aside and grant a new trial." Frazier v. United States, 1948, 335 U.S. 497, 513, 69 S.Ct. 201, 210, 93 L.Ed. 187.

Membership in a police force is no disqualification for jury duty. 28 U.S.C.A. § 1861; Hawaii Rev.Laws 1945, §§ 9791, 9792; United States v. Wood, 1936, 299 U.S. 123, 141, 57 S.Ct. 177, 81 L.Ed. 78. No actual bias or prejudice on the part of the juror was shown, and none will be presumed from the mere fact of being a reserve police officer. Dennis v. United States, 1950, 339 U.S. 162, 171, 70 S.Ct. 519, 94 L.Ed. 734, and see United States v. Wood, supra, 299 U.S. at page 140, note 9, 57 S.Ct. 177.

Finally appellant points to the fact that after the jury had retired to deliberate upon their verdict, one juror accompanied by a deputy marshal left the jury room and made two telephone calls: one to say he would be unable to take his wife to choir practice; the other to arrange for the locking of his automobile. "By the ancient common law, jurors were kept together as prisoners of the court until they had agreed upon their verdict * * *. It was regarded not only proper, but requisite, that they should be coerced to an agreement upon a verdict." People v. Sheldon, 1898, 156 N.Y. 268, 50 N.E. 840, 842, 41 L.R.A. 644, 646; see also, 3 Bl.Comm. *375. The modern view, to which we subscribe, is that jurors should be kept together to prevent any improper influence upon their consideration of the case. Baker v. Hudspeth, 10 Cir., 1942, 129 F.2d 779, 782, certiorari denied, Baker v. Hunter, 1942, 317 U.S. 681, 63 S.Ct. 201, 87 L.Ed. 546.

Separation of the jury "in such a way as to expose them to tampering" or any improper influence, after a criminal case has been submitted to them, is reversible error. See Mattox v. United States, 1892, 146 U.S. 140, 149, 13 S.Ct. 50, 53, 36 L.Ed. 917. "Private communica-tions, possibly prejudicial, between jurors and third persons" are also error. 146 U. S. at page 150, 13 S.Ct. at page 53. But the error is not reversible if it appears that no prejudice in fact resulted, United States v. Reid, 1851, 12 How. 361, 53 U.S. 361, 366, 13 L.Ed. 1023; Stone v. United States, 6 Cir., 1940, 113 F.2d 70, 77–78; Bilodeau v. United States, 9 Cir., 1926, 14 F.2d 582, 586, certiorari denied, 1926, 273 U.S. 737, 47 S.Ct. 245, 71 L.Ed. 866, unless as a matter of policy prejudice must be conclusively presumed, as where the irregularity "has tainted the panel with any sort of corruption, or intimidation, or coercion", Klose v. United States, 8 Cir., 1931, 49 F.2d 177, 181, certiorari denied, 1931, 284 U.S. 626, 52 S.Ct. 11, 76 L.Ed. 534.

Here the juror making the telephone calls was at all times accompanied by a deputy marshal. During his separation the juror at no time received any communication about the case from anyone. Both juror and marshal had taken their respective oaths. Both juror and marshal are presumed to have faithfully performed their official duties. Baker v. Hudspeth, supra, 129 F.2d at page 782. The trial court found no prejudice to appellant warranting a new trial, see Fed.R. Crim.P. 52, 18 U.S.C.A.; cf. Fed.R.Civ. P. 61, 28 U.S.C.A. and we perceive none.

We heed the admonition that "Appellate courts should be slow to impute to juries a disregard of their duties, and to trial courts a want of diligence or perspicacity in appraising the jury's conduct." Fairmount Glass Works v. Cub Fork Coal Co., supra, 287 U.S. at page 485, 53 S.Ct. at page 255. And we adhere to the view that "When twelve jurors sit down to deliberate upon their solemn duty of pronouncing innocence or guilt upon a fellow human each exposes his own particular views of the evidence to the sound judgment of all with the result that tangential views have little chance of survival and practically none of getting eleven approving votes." Sue Hoo Chee v. United States, 9 Cir., 1947, 163 F.2d 551, 553.

We find no error of law or abuse of discretion in the rulings of the district court on either the motion for mistrial or the motion for new trial. Appellant was fairly tried and convicted. The judgment of the district court is affirmed.