[Civ. No. 4841.    Fourth Dist.    July 27, 1954.]

ALICE E. GERFERS, Appellant, v. SAN DIEGO TRANSIT
SYSTEM (a Corporation) et al., Respondents.

David S. Casey for Appellant.

Lindley, Lazar & Scales and John H. Barrett for Respondents.

GRIFFIN, J.—Plaintiff appeals from an adverse judgment rendered by a jury in favor of defendants as a result of claimed injuries plaintiff suffered while riding as a passenger on defendants' bus.

Plaintiff boarded the bus in downtown San Diego and all seats were taken. She was carrying a purse and some bakery goods in two separate packages in her arms. She took hold of a railing immediately to the rear of the bus driver and after some distance traveling, someone told her of a vacant seat about three seats back toward the rear of the bus. Plaintiff turned to walk toward the vacant seat while the bus was in motion, and she had taken a few steps, apparently without holding onto the seat backs, and according to her testimony, the bus gave an unusual jerk or jar, causing her to be thrown to the front of the bus, striking the horizontal railing. The bus driver admitted she struck the horizontal railing with her back but denied that there were any unusual jerks, jars or gyrations of the bus at the time plaintiff lost her balance.

Plaintiff testified as to the extent of her injuries and claimed there were many things she was formerly able to do but was unable to do after she was injured. Defendants offered in evidence moving pictures of her actions after the claimed injury, which impeached her testimony to a great degree in this regard .

Plaintiff in her complaint alleged that her injuries were proximately caused by the negligence of defendants. Defendants denied such negligence and did not allege contributory negligence of the plaintiff or set up any other such affirmative defense. It is claimed by plaintiff on this appeal that the trial court, notwithstanding defendants did not plead contributory negligence, in effect, gave such an instruction. The complaint is that prejudicial error resulted because such an instruction

was given. It appears to us that no prejudicial error resulted when the instruction given is considered in connection with the evidence produced and other instructions given. The portion of the instruction complained of is in the language of B.A.J.I. 204E, first paragraph, as follows:

"The requirement that the carrier exercise the utmost care for the passenger's safety does not relieve the passenger of the duty to exercise ordinary care for her own safety. This responsibility rests upon the passenger at all times, and if she fails in it, and that failure contributes in any degree as a proximate cause of injury to herself, she may not recover from the carrier for such injury."

This is preceded by the notation that it should be used only in a case where the defense of contributory negligence is submitted to the jury. Plaintiff cites many cases holding that the defense of contributory negligence must, as a general rule, be specially pleaded. (19 Cal.Jur. p. 681, § 104, and cases cited.) However, there are certain well-recognized exceptions to this general rule, as indicated in *Hoffman* v. *Southern Pac. Co.*, 84 Cal.App. 337 [258 P. 397], where it is said (quoting from the syllabus):

"As a general rule, the contributory negligence of plaintiff must be specially pleaded by defendant in order that he may rely on such defense, but where plaintiff's contributory negligence appears from the allegations of his complaint, or from evidence introduced in his behalf, the plea of contributory negligence is available to the defense, although not pleaded in the answer."

See also *Hughes* v. *Atchison, T. & S. F. Ry. Co.*, 121 Cal.App. 271 [8 P.2d 853]; *Gundry* v. *Atchison, T. & S. F. Ry. Co.*, 104 Cal. App. 753 [286 P. 718].

Apparently, defendants tried the case upon the theory that defendants were not negligent. It is defendants' position that they purposely avoided pleading contributory negligence of the plaintiff as a defense because by the mere use of the term "contributory negligence" it imports negligence on the part of defendants, and counsel stated that he had learned from sad experience in defending such actions the danger involved in such practice because it could become a weapon in the hands of the plaintiff; that he knows of no prescribed pleading which allows a defendant to plead that it was not negligent but the plaintiff was; that accordingly, defendants' defense was most vigorous in its denial of negligence, and so long as the jury found the defendants were not negligent it must follow that

any injury sustained by plaintiff was a result of her own negligence.

The court fully instructed the jury that it was plaintiff's burden to prove negligence on the part of defendants and that such negligence was a proximate cause of her injury. Proximate cause was defined in the language of B.A.J.I. Instruction No. 104, Alternate. An instruction on res ipsa loquitur was given, followed by an instruction that defendants were required to use the "utmost care and diligence" that could reasonably be exercised under the conditions prevailing. Then follows the instruction of which plaintiff complains. The court then instructed the jury that the issues presented were two: First, was the defendant's bus operator negligent? That if the answer is "No" then "your deliberations are concluded." Second, if the answer is "Yes" then it must determine if such negligence was a proximate cause of the injury, and if answered in the negative then its verdict must be for the defendants; but if answered in the affirmative, it must fix the damage. No specific instruction, other than that above stated, was given on the question of contributory negligence. That term was not defined to the jury.

In negligence actions, as in other cases, a party is entitled to proper instructions upon any matter which is in issue, and upon any legal inference which may be drawn from the evidence. (53 Am.Jur. 452.)

The giving of an instruction on contributory negligence was criticized in *Shippy* v. *Peninsula Rapid Transit Co.*, 197 Cal. 290, 296 [240 P. 785]. In that case no issue as to contributory negligence was tendered by the evidence or pleadings, and the court held that the trial court should have refrained from giving the instruction. However, under the facts of that case, it was held that the giving of the instruction would not necessarily constitute reversible error.

The question here to be answered is whether the evidence presented by the plaintiff shows or would support a finding of contributory negligence on her part. If so, the giving of the instruction would not be, under the evidence and other instructions given, prejudicially erroneous. In reviewing that evidence plaintiff testified she was aged about 70 years and had been housekeeping in hotels; that while she was walking to the empty seat pointed out to her, the bus gave an unusual lunge but that she could not tell whether it was because of a start, stop or change of course; that she was so frightened she could not tell just what happened but she re-

membered after she grabbed the rail again and recovered her balance she went to the seat and sat down and still had her packages and handbag with her; that the driver then turned around and inquired if she had hurt herself and that she made no reply. She testified she did not believe she was hurt until she dismounted from the bus and then she realized she "didn't feel just myself," and that night she awakened and felt pain in her back and went to see her doctor; that she then went from there to the defendant company's office and reported her injuries; and that she was later examined by the company's doctors and that after taking X-rays of her spine they "brushed me off and told me it didn't amount to anything." She testified she subsequently went to an insurance company doctor where she carried an accident policy and he examined her and told her there was "nothing the matter" with her.

The bus driver, called as plaintiff's witness under section 2055 of the Code of Civil Procedure, testified he was operating the bus and that plaintiff mounted it at Seventh and Broadway and thereafter was standing back of him; that as the bus proceeded north on 25th Street, at about 20 miles per hour, he was preparing to make a turn east on B Street and applied the brakes in a normal manner to make a right turn; that at that time he felt plaintiff bump the horizontal rail back of him with her back; that some other passenger steadied her and helped her to the seat; that he inquired if she was hurt and she did not reply; that he then stopped the bus and passed out slips of paper to the passengers for signatures.

Defendants' passenger witnesses testified they observed plaintiff fall back against the bar but sensed nothing unusual in the manner in which the bus was operated on 25th Street at the time; that there was no change of speed in the bus before it started to turn on B Street. One witness thought it was when the bus was making the turn that plaintiff fell against the rail but others did not think so. One testified that she was then assisted to her seat and that she did not notice any sign of distress from her but they believed a person standing in the aisle could be jerked around in any bus if she was was not holding onto something.

It is apparent from plaintiff's evidence alone that the jury might well have found plaintiff to have been guilty of contributory negligence in attempting to change her position at the rail to a vacant seat on a moving bus without taking the precaution of engaging the use of handles on the bus seats

for support. From the evidence the jury might well have concluded that defendants were not negligent or that the proximate cause of plaintiff's injuries was solely her own lack of care or that she, in fact, suffered no injury as a result of the accident. Accordingly, no prejudicial error resulted in giving the instruction about which plaintiff complains. .

The next complaint is that the court committed prejudicial error in refusing to give, as covered, plaintiff's instructions to the jury to the effect that a carrier owed a duty to provide seats, and accordingly a carrier is charged with a greater degree of care for the safety of passengers when seats are not available, citing Civil Code, section 2185; *Kelly* v. *Santa Barbara etc. R. R. Co.*, 171 Cal. 415 [153 P. 903, Ann. Cas. 1917C 67]; and *Sweet* v. *Los Angeles Ry. Co.*, 79 Cal. App.2d 195 [179 P.2d 824].

The most reasonable rule in this respect is stated in the cited case of *Kelly* v. *Santa Barbara etc. R. R. Co.*, *supra*, where a section of the code substantially the same as section 2185 of the Civil Code is considered. There it was said, at page 418:

"The congested travel upon street and interurban railways at certain hours of the day and upon holidays, upon the one hand, makes it difficult, if not impossible, for the common carrier to provide suitable accommodations for every passenger who desires to ride, and, upon the other hand, compels many of the traveling public to make their journeys under strained conditions or forego them altogether."

It was there held that the giving of an instruction substantially in the language of section 2185 of the Civil Code might have served to mislead the jury into believing that in the particular case the gravamen of the charge of negligence was that defendant did not give plaintiff a seat or standing-room upon the platform. It then held that plaintiff, however, waived whatever right he had to such accommodations by voluntarily taking his position upon the step and paying his fare for passage; that he agreed with the company that as a matter of self-preservation he would take such reasonable care of himself as his position of added peril demanded, and the company in turn agreed with him that it would so operate its car as not to expose him to any greater peril than his position necessarily imposed; that under such circumstances a new contract springs into existence between the passenger and the company; and that the passenger, in voluntarily taking the position of greater peril, assumes the

natural obvious risk attending such position of peril. It becomes incumbent upon him, therefore, in the exercise of due care which the law always exacts, to take greater precautions for his own safety than if he were seated; that upon the other hand, the company, in accepting the passenger's fare with knowledge of the increased danger of his position, is under obligation to use greater precautions in the operation of the car for the protection of such passenger than would be necessary if all were seated. It then held that all the actions and conduct of the passenger should be considered by the jury, as a factual question, in determining whether the plaintiff was guilty of contributory negligence.

The question here presented is whether the instructions given covered the question of the increased duty of care for the protection of a passenger who had no seat. The jury was instructed in another instruction offered by plaintiff and given in the language of section 2100 of the Civil Code to the effect that:

"A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

This was followed by an instruction that the defendant is not an insurer of the safety of its passengers, that is to say, it does not warrant such safety in the sense of a guarantee; that its responsibility was not to use the most effective methods for safety that the human mind can imagine, nor that the best scientific skill might suggest, but the care required is the highest that reasonably could have been exercised consistently with the mode of transportation used, and the practical operation of its business as a carrier; and that this requirement must be measured in the light of the best precautions that were in common, practical use in the same business and proved to be efficacious, at the time of the alleged occurrence.

Just what degree of care would be greater than the "utmost care and diligence" is not indicated by counsel for the plaintiff. To instruct the jury that a greater degree of care than the "utmost care" would appear to be unauthorized and unwarranted. We conclude that the subject matter was sufficiently covered and no prejudicial error resulted in refusing the proffered instructions.

Judgment affirmed.

Barnard, P. J., and Mussell, J., concurred.