**UNITED STATES of America,**
**Plaintiff,**

v.

**James Ronald WARD, Defendant.**

**Crim. A. No. 7294.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 8, 1973.

John L. Bowers, Jr., U. S. Atty., Knoxville, Tenn., for plaintiff.

John A. Armstrong, Greeneville, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The defendant Mr. Ward moved to suppress the evidence, Rules 41(f), 12(b)(1), Federal Rules of Criminal Procedure, seized as the result of a warrantless and allegedly unreasonable search of his automobile. Constitution, Fourth Amendment. The Court conducted an evidentiary hearing on the motion on May 7, 1973. Rule 12(b)(4), Federal Rules of Criminal Procedure.

Mr. Charles Long, a deputy sheriff and detective of Hamblen County, Tennessee, arranged with an informant Mr. Richard Cole to offer the defendant Mr. Ward an opportunity to sell unlawful amphetamine pills. On December 28, 1972, Mr. Cole introduced Mr. Ward to Mr. Edward Ashburn, a field agent of the Tennessee bureau of criminal identification, who was then and there operating in an undercover capacity under the name of "Jim Anderson," in a motel room in Morristown, Tennessee. Messrs. Ashburn and Ward negotiated for such sale, in the process of which Mr. Ward retrieved from the trunk of his automobile a white, clear, unsealed plastic container about half-full of black capsules. Mr. Ward assured Mr. Ashburn that these were "black beauties,"* of good quality and not substituted or artificial. He also told him that he would soon be going to Mexico and would return with "speckled birds"* and a red-and-black amphetamine drug.

Mr. Ashburn asked to see sealed containers of the "black beauties," which Mr. Ward stated he had in the trunk of his automobile. Mr. Ward thereupon requested Mr. Cole to obtain such containers therefrom, and supplied Mr. Cole with the keys to the trunk. Mr. Cole retrieved two sealed containers from the car trunk, which Mr. Ward claimed contained 400 capsules, each. Mr. Ashburn stated he wished to purchase a quantity of 1,000 of the capsules. Mr. Ward stated he had that amount in his automobile. The parties agreed upon a price of $375 for 1,000 capsules.

Mr. Ward requested Mr. Cole to return to his automobile and bring back additional containers, from which Mr. Ward counted out 200 more capsules to complete the order for 1,000. Mr. Ashburn then gave Mr. Ward four $100 bills, the serial numbers of which had been previously recorded by Mr. Long, and received $25 in change.

Mr. Ashburn thereupon exited from the motel room with Messrs. Ward and Cole and gave surveilling officers, Mr. Long and Mr. Willie Wilson, criminal investigator for the 20th judicial circuit of Tennessee, a signal. Mr. Ashburn then returned to the motel room, identified himself as an officer, and placed Mr. Ward under arrest for violating the drug laws of Tennessee.** The officers then searched Messrs. Ward and Cole and the motel room. They recovered the four $100 bills from the person of Mr. Ward.

The officers thereupon asked Mr. Ward for the keys to his automobile. Mr. Ward testified that Mr. Wilson com-

---

* A type of amphetamine drug.

** Laboratory analysis reflected that these capsules contained caffeine and did not offend the drug laws of Tennessee.

plimented him upon having such a nice automobile, *viz.*, a yellow 1971 Cadillac with beige top, and stated that it would be a shame to prize open the back of his car, if Mr. Ward did not produce the keys. Messrs. Ashburn and Wilson both testified that Mr. Wilson did not make such a statement, but that Mr. Ward directed Mr. Cole to give the keys to his automobile to the officers.

The officers had difficulty in opening the trunk with the key produced, whereupon Mr. Cole opened it for them. The trunk was found to contain, *inter alia*, a negative film print of a $10 federal reserve note of the tenor described in count one of the indictment herein, and also the articles described in count two thereof.

■ In arriving at a decision of the defendant's motion, the Court must assess the credibility of the witnesses Messrs. Ashburn and Wilson, on the one hand, and Mr. Ward, on the other. When the aforedescribed contraband came subsequently to the attention of federal secret service agents, Mr. Ward waived his rights to silence and counsel and discussed his possession of such contraband with the investigators. He gave them written permission to make a further warrantless search of his automobile. It is a legal presumption that official duty was regularly and faithfully performed. United States v. State of Washington, C.A. 9th (1956), 233 F.2d 811, 816[4], and cases there cited; The Bank of the United States v. Dandridge et al. (1827), 12 Wheat. 64, 25 U.S. 64, 69–70, 6 L.Ed. 522, 554; United States v. Crusel (1872), 14 Wall. 1, 81 U.S. 1, 4, 20 L.Ed. 821, 822; Cavness v. United States, C.A. 9th (1951), 187 F.2d 719, 723, certiorari denied (1951), 341 U.S. 951, 71 S.Ct. 1019, 95 L.Ed. 1374; Continental Bank & Trust Co. v. Brandon, C.A. 5th (1962), 297 F.2d 928, 932[3].

■■ This Court accredits the testimony of Messrs. Ashburn and Wilson and finds that it weighs in favor of the conclusion that Mr. Ward, by direction of Mr. Cole, gave his consent unequivocally, specifically and voluntarily for the warrantless search of his automobile without duress or coercion, actual or implied. Consent that is unequivocal, specific and voluntarily given without duress or coercion, actual or implied, is effective as a waiver of any objection to the admission of evidence so obtained. United States v. Strouth, D.C.Tenn. (1970), 311 F.Supp. 1088, 1094. This Court accordingly finds that, by his consent to the search of his automobile, the defendant Mr. Ward waived any objection to the admission of the evidence obtained by the state officers in the warrantless search of his automobile and the seizure therefrom of the contraband which is offered as evidence herein. Motion denied. With such evidence and the further evidence adduced upon the trial, the Court, as the trier-of-the-facts, finds the defendant Mr. James Ronald Ward guilty as charged in each of the two counts of the indictment herein.