# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-KA-00187-SCT

*CORA ANN TURNER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/15/1998 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | R. LOUIS FIELD |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: CHARLES W. MARIS JR. |
| DISTRICT ATTORNEY: | G. GILMORE MARTIN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 09/30/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/21/99 |

## BEFORE PRATHER, C.J., MILLS AND COBB, JJ.

## MILLS, JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. This appeal arises from the Circuit Court of Warren County, Mississippi. At issue is the conviction of Cora Ann Turner for the crime of simple assault on a law enforcement officer. She was sentenced to a term of two years with the Mississippi Department of Corrections, with said sentence suspended upon the service of eleven months shock probation. Turner now appeals this judgment claiming that the jury verdict was incorrect in light of the weight of the evidence and that a new trial or J.N.O.V. should be granted. Further, Turner alleges her constitutional rights to due process were infringed by premature discussion among members of the jury. From the decision below, Turner appeals bringing the following issues:

**I. WHETHER THE COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL OR ALTERNATIVELY JNOV SINCE THE VERDICT WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE.**

**II. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR IN NOT DECLARING A MISTRIAL UPON LEARNING OF PREMATURE DISCUSSIONS AMONG MEMBERS OF THE JURY.**

## STATEMENT OF THE FACTS

¶2. On December 3, 1996, Cora Ann Turner attended and testified at the probation revocation hearing of her significant other. Upon learning of the court's decision to revoke probation, Turner became hostile and directed profuse verbal abuse at Warren County Sheriff's Deputy Jeff Crevitt, who escorted the revoked probationer to the Warren County Jail. Upon Crevitt's return to the second floor of the courthouse, a scuffle broke out involving Turner, Crevitt, Ruby Callahan (Turner's mother), and other law enforcement personnel.

¶3. The State contends that Deputy Crevitt was pushed from behind and subsequently punched in the face by Turner. The defense claims that Crevitt threatened and attempted to slap Turner who struck the deputy in self defense.

¶4. During the trial of this issue, a note from one juror surfaced indicating that premature discussions had taken place. The note stated,"[j]ury needs admonishment regarding early deliberation. Some preliminary conversation had started when I suggested they needed to stop." This note was received shortly after the prosecution rested its case in chief. The court admonished the jury against any further discussion in response to defense counsel's concerns and repeated the warning several times more during the course of the trial. At the first warning, several jurors nodded agreement, and no subsequent notes were forthcoming. The jury subsequently convicted Cora Ann Turner of assault upon a police officer.

### I. WHETHER THE COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION FOR A NEW TRIAL OR ALTERNATIVELY JNOV SINCE THE VERDICT WAS CONTRARY TO THE WEIGHT OF THE EVIDENCE.

¶5. Turner contends that the material facts of the case are clearly in her favor and as such the jury was incorrect in returning a verdict against her. We have long recognized the critical function of the jury to pass upon the credibility of contradictory evidence. See, e.g., *Scott v. State*, 185 Miss. 454, 188 So. 546 (1939). "Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear." *Gandy v. State*, 373 So.2d 1042, 1045 (Miss. 1979). In the case *sub judice*, the jurors were alerted to this fact in the court's introduction:

> You, as jurors, will be the sole judges of the facts, the believability or credibility of the witnesses. . . . and you are the sole judges of the weight to be given to the testimony of the witnesses and different items of evidence. . . . You're the sole judge of what the facts of this particular case are.

¶6. We may not review at will the facts and evidence of this case. Rather, we must review the evidence in the light most favorable to the verdict. *Mitchell v. State*, 572 So.2d 865, 867 (Miss. 1990). Appellate review should not try to second guess the deliberations of a jury and "need not determine with exactitude which witness or what testimony is believed or disbelieved in arriving at its verdict. It is enough that the conflicting evidence presented a factual dispute for jury resolution." *Gandy* at 1045 (citing *Shannon v. State*, 321 So.2d 1 (Miss. 1975)). In addition,"[n]o formula dictates the manner in which jurors resolve conflicting testimony into findings of fact sufficient to support their verdict." *Id.* at 1045. Turner argues that her evidence was superior because it was supported by five witnesses as opposed to two witnesses for the state. "[H]owever, the strength or weakness of testimony is not measured by the number of witnesses..." *Spiers v. State*, 231 Miss. 307, 313, 94 So.2d 803, 806 (1957). In *Pearson v. State*, 428 So.2d 1361 (Miss.1983), we addressed the circumstances under which we vacate a jury verdict and order a new trial, when we stated that only if the verdict is "so contrary to the overwhelming weight of the evidence that, to

allow it to stand, would be to sanction an unconscionable injustice." *Id.* at 1364. We have further enounced that:

> In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.

*Thornhill v. State*, 561 So.2d 1025, 1030 (Miss. 1989), rehearing denied, 563 So.2d 609 (Miss. 1990). To put it more simply, "[t]his Court shall not disturb the findings of the jury unless fairminded jurors could only find the accused not guilty." *Mitchell* at 867. Our careful review of the record dictates our finding that the State's version of events must be accepted as true. Thus, the circuit court was correct in denying the motion for a new trial or JNOV.

### II. WHETHER THE CIRCUIT COURT COMMITTED REVERSIBLE ERROR IN NOT DECLARING A MISTRIAL UPON LEARNING OF PREMATURE DISCUSSIONS AMONG MEMBERS OF THE JURY.

¶7. Turner relies heavily on *State v. Washington*, 438 A.2d 1144 (Conn. 1980) for her argument that the premature deliberation by the jury constitutes reversible error. *State v. Washington* involved a jury instruction whereby jurors could freely discuss the case at any time provided they did not come to a conclusion until instructed to do so. This improper jury instruction has been found to be violative of due process. "It is the long-established right of both of the parties thereto to have an opportunity to argue the cause and to have the jury after such argument instructed by the judge of the court as to the law of the case; and it was equally the duty of the jury under the admonition of the court not to form or express an opinion with respect to the merits of either the facts or the law of the case until the case should be finally submitted to." *Winebrenner v. United States*, 147 F.2d 322, 329 (8th Cir.1945)(quoting *Shippy v. Peninsula Rapid Transit Co.*, 240 P. 785, 787 (CA. 1925)). However, these authorities are not binding in Mississippi, nor are the issues similar. The issue before us does not involve improper jury instructions but loose talk among members of the jury prior to final deliberations.

¶8. We take this opportunity today to follow the common sense approach of Judge Woodrough's dissent in *Winebrenner*. "No normal honest Americans ever worked together in a common inquiry for any length of time with their mouths sealed up like automatons or oysters." *Id.* at 330. Instead, the only relevant consideration is that "each juror [must] keep an open mind until the case has been submitted to the jury." *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974). As a result, "not every incident of juror misconduct requires a new trial." *Id.* Upon finding some form of juror misconduct, the test to be applied is whether the misconduct brings prejudice against the defendant. *Cavness v. United States*, 187 F.2d 719, 723 (9th Cir. 1951). Each case must stand on its own peculiar facts in determining whether particular error constitutes reversible error. *Henderson v. State*, 403 So.2d 139, 140 (Miss. 1981). The duty to determine whether error is incurable and warrants a mistrial, "rests within the sound discretion of the trial court." *Logsdon v. State*, 183 Miss. 168, 170, 183 So. 503 (1938).

¶9. In the case *sub judice*, the watchful juror stated that **preliminary conversation** had begun and was stopped upon his suggestion. This does not mean or imply deliberation or suggest any type of decision as to a verdict. Thus, the conversation cannot be seen as prejudicial. Further, the circuit judge repeatedly admonished the jury not to discuss the case until it was tendered to them. Due to the lack of further notes from any juror and the nodded acceptance of members of the jury of the judge's admonition, we accept the

warning as effective and the error as cured. The judge was in a prime position to determine the need for mistrial and did not abuse his discretion in denying the motion for mistrial.

## CONCLUSION

¶10. We find no reversible error in the proceedings below and therefore affirm the judgment.

¶11. **CONVICTION OF SIMPLE ASSAULT ON A LAW ENFORCEMENT OFFICER AND SENTENCE OF TWO (2) YEARS SUSPENDED FOR FIVE (5) YEARS UPON SERVICE OF ELEVEN (11) MONTHS OF SHOCK PROBATION, TOGETHER WITH ALL COSTS, AFFIRMED. APPELLANT GIVEN CREDIT FOR JAIL TIME SERVED.**

> **PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, WALLER AND COBB, JJ., CONCUR.**