IRVING, P.J.,
for the Court:
¶ 1. On August 18, 2009, Marcus Roberts pleaded guilty to the sale of less than one kilogram but more than thirty grams of marijuana. Following his plea, the Tate County Circuit Court sentenced Roberts to ten years in the custody of the Mississippi Department of Corrections, with ten years to serve and ten years of post-release supervision. On April 15, 2010, Roberts filed a motion for post-conviction relief, which the circuit court denied. Feeling aggrieved, Roberts appeals and argues: (1) his guilty plea was involuntary; (2) he received ineffective assistance of counsel; (3) the circuit court erred in failing to conduct an evidentiary hearing; and (4) the record lacks a judgment of conviction as required under the Uniform Rules of Circuit and County Court.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On August 18, 2009, Roberts was scheduled to appear at a revocation hearing. He had three pending charges for the sale of marijuana, which served as the basis for the revocation hearing. At the time of his arrest for selling marijuana, Roberts was on earned-release supervision for a previous conviction for arson of a residence.
¶ 4. Ultimately, Roberts entered into a plea agreement with the State whereby he agreed to confess the revocation and plead guilty to the sale of less than one kilogram but more than thirty grams of marijuana. In exchange, the State agreed not to prosecute Roberts’s two other charges for the sale of marijuana. The circuit court sentenced Roberts to ten years’ imprisonment for the sale-of-marijuana charge, with ten years to serve and ten years of post-release supervision. This sentence was ordered to run concurrently with the ten-year sentence resulting from the revocation of his earned-release supervision.
¶ 5. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 6. When reviewing a circuit court’s denial of a motion for post-conviction relief, its factual findings will not be disturbed unless they are clearly erroneous. Presley v. State, 48 So.3d 526, 528-29 (¶ 10) (Miss.2010). However, questions of *289 law are reviewed de novo. Id. at 529 (¶ 10).

1.Involuntary Guilty Plea

¶ 7. Roberts contends that his guilty plea is invalid because it was involuntary. Roberts alleges that while he understood that the State had recommended a ten-year sentence as part of his plea agreement, his attorney had promised him that he would only serve two years of that sentence. He claims that his decision to plead guilty was based on that promise. In support of his allegation, Roberts submitted affidavits from his mother, Jerlean Roberts, and his friend, Krystal Reynolds. In their affidavits, Jerlean and Krystal both swear that they were present when Roberts’s attorney told him that he would “be out of prison in less than two year[s]” if he pleaded guilty. However, Roberts’s sworn statements in his plea petition contradict the allegations in the affidavits. In his plea petition, Roberts stated:
I declare that no officer or agent of any branch of government nor any other person has made any promises or inducements of any kind to me or within my knowledge to anyone else that I will receive a lighter sentence, probation, early release [J or any other form of leniency if I plead “guilty.” I have not been beaten, threatened, mentally or physically forced, intimidated[,] or coerced in any manner to plead guilty to the crime charged against me. I offer my plea of “guilty” freely and voluntarily and of my own accord and with full understanding of all matters set forth in the indictment herein and in this [petition, and this plea is with the advice and consent of my lawyer.
(Emphasis added).
¶ 8. The Mississippi Supreme Court has consistently held that “where an affidavit is overwhelmingly belied by unimpeachable documentary evidence in the record such as, for example, a transcript or written statements of the affiant to the contrary, to the extent that the court can conclude that the affidavit is a sham[,] no hearing is required.” Gable v. State, 748 So.2d 708, 706 (¶ 8) (Miss.1999) (quoting Young v. State, 731 So.2d 1120, 1122-28 (¶ 10) (Miss.1999)). The affidavits of Roberts’s mother and friend completely contradict his sworn statements in his plea petition. Accordingly, the affidavits do not provide sufficient evidence that Roberts’s guilty plea was involuntary. This issue is without merit.

2. Ineffective Assistance of Counsel

¶ 9. Roberts contends that his counsel was ineffective for allegedly advising him that if he pleaded guilty he would serve only two years for the sale-of-marijuana charge. However, as discussed above, Roberts swore that no one had promised him a lesser sentence or early release in exchange for his guilty plea. Accordingly, this issue is without merit.

3. Failure to Grant an Evidentiary Hearing

¶ 10. Roberts argues that the circuit court erred in denying his motion for post-conviction relief without conducting an evi-dentiary hearing regarding the voluntariness of his guilty plea. However, as discussed above, Roberts has not provided sufficient evidence that his guilty plea was involuntary. Consequently, the circuit court did not err in refusing to conduct an evidentiary hearing. This issue is without merit.
J. Judgment of Conviction
¶ 11. Finally, Roberts argues that the record “was devoid of a judgment of conviction.” We presume that Roberts means that the judgment of conviction is *290 somehow deficient, as our review of the record reveals that it includes a sentencing order adjudicating Roberts guilty of selling less than one kilogram but more than thirty grams of marijuana. However, Roberts has failed to explain how the sentencing order is deficient. Furthermore, Roberts has failed to cite any authority in support of his alleged error. “It is a longstanding principle of law that ‘if an appellant fails to support [his] allegation of error with argument or authority, [an appellate court] need not consider the issue.’” Jordan v. State, 995 So.2d 94, 103 (¶ 14) (Miss.2008) (quoting Pierre v. State, 607 So.2d 43, 48 (Miss.1992)). Accordingly, we decline to address this issue.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF TATE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.