**UNITED STATES of America,**
**Appellee,**

v.

**Michael CARTER, Appellant.**

**No. 71-70.**

United States Court of Appeals,
Tenth Circuit.

Aug. 3, 1970.

Arlen S. Ambrose, of Hays & Thompson, Denver, Colo., for appellant.

David L. Osborn, Asst. U. S. Atty. (James L. Treece, U. S. Atty., with him on the brief) for appellee.

Before MURRAH, Senior Circuit Judge, and SETH and HOLLOWAY, Circuit Judges.

PER CURIAM.

The defendant-appellant was charged with assault with a knife with intent to do bodily harm on Albert Goodin at the Airman's Club, Lowry Air Force Base, on lands within the special maritime and territorial jurisdiction of the United States in violation of 18 U.S.C. § 113(c). He was tried by a jury, found guilty, and has taken this appeal.

The defendant presents three principal issues on this appeal.

The first issue is whether the court below erred in failing to admonish the jury not to discuss the case among themselves when the court was recessed for lunch. We hold it did not. The trial in this case lasted only a day and a half. All of the evidence was presented and the jury was instructed on the first day. On the second day the jury returned to continue its deliberations and return its verdict. At no time in the proceedings did the appellant's attorney object to the court's failure to so admonish the jury or request such an admonition. The appellant cites the case of Winebrenner v. United States, 147 F. 2d 322 (8th Cir.), as authority for the proposition that it is "plain error" to fail to admonish the jury not to discuss the case among themselves until all the evidence has been presented and the jury instructed. A review of that case, however, demonstrates that it does not stand for that proposition and is clearly distinguishable on the facts. Indeed the Eighth Circuit itself has distinguished the Winebrenner case in Myres v. United States, 174 F.2d 329 (8th Cir.), where the court held that it was not fatal error for the trial court to fail to give the admonition to the jury to refrain

from discussing the case until the second day of the trial where there was no basis for supposing that the jury did discuss the case.

The Second Circuit, in United States v. Viale, 312 F.2d 595 (2d Cir.), cert. den. 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199, has refused to adopt a rule requiring that the court admonish the jury not to discuss the case among themselves.

We accordingly hold that the court's failure to admonish the jury not to discuss the facts of the case among themselves prior to submission of the case to it is not fatal error under the circumstances of this case. Morrow v. United States, 408 F.2d 1390 (8th Cir.); Rotolo v. United States, 404 F.2d 316 (5th Cir.).

■ The appellant's second contention is that the trial court erred in taking judicial notice of the fact that Lowry Air Force Base is within the special maritime and territorial jurisdiction of the United States. There is ample evidence in the record to show that the assault occurred within the confines of the Lowry Air Force Base at Denver, Colorado. This fact having been properly established, we hold that the trial court was not in error in taking judicial notice of the fact that Lowry Air Force Base is a Governmental institution located on a federal island or enclave within the city where the trial court sits. Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021; Jones v. United States, 137 U.S. 202, 11 S.Ct. 80, 34 L.Ed. 691; Hall v. United States, 404 F.2d 1367 (10th Cir.); Markham v. United States, 215 F.2d 56 (4th Cir.).

■ The appellant's final argument is that it was prejudicial error for the prosecution to leave a knife which it had unsuccessfully attempted to have admitted into evidence on the counsel table in view of the jury. It must be pointed out that the trial court had specifically

instructed the jury that: "You must disregard this knife because it was not authenticated by the evidence as the knife that's here involved."

The defendant during the trial had taken the stand in his defense and had testified that he had used a knife to cut the victim. Later when the jury had retired defendant's attorney asked that the record show that the knife had been on a table in view after its offer into evidence had failed. The court in response pointed out that the jury had been specifically admonished to disregard it. This is sufficient and we hold there was no error. Gay v. Graham, 269 F.2d 482 (10th Cir.); see also Gaitan v. United States, 252 F.2d 256 (10th Cir.).

Affirmed.