**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Oscar H. KLEE, Defendant-Appellant.**

**No. 73–2741.**

United States Court of Appeals, Ninth Circuit.

March 27, 1974.

Rehearing Denied May 1, 1974.

David J. Cooper (argued), Jonathan Newman, San Francisco, Cal., Joseph D. Allen, Ukiah, Cal., for defendant-appellant.

Martin A. Schainbaum, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and THOMPSON,* District Judge.

## OPINION

DUNIWAY, Circuit Judge:

Klee was found guilty by a jury under three counts of an indictment charging willful failure to file federal income tax returns for the years 1966, 1967, and 1968, in violation of 26 U.S.C. § 7203. On appeal he alleges that nine errors were committed during his trial. Most of them do not merit discussion.

### 1. *Instruction defining "willfully."*

 Klee asserts that the trial court incorrectly instructed the jury on the meaning of the term "willfully" as used in 26 U.S.C. § 7203.[1] He asserts that the jury should have been instructed that the term "willfully" requires the government to prove "an intent to defraud the government, or to conceal from the government facts relevant to a determination of the accused's tax liability." The law is to the contrary. United States v. Andros, 9 Cir., 1973, 484 F.2d 531, 534. Klee attempts to rely upon United States v. Bishop, 1973, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941, yet nothing in that opinion undermines the validity of the instruction given by the trial judge here. The court's instruction is in substantial compliance with the *Bishop* Court's requirement. See 412 U.S. at 360–361, 93 S.Ct. 2008.

### 2. *Juror Misconduct.*

When the morning recess occurred during the selection of the jury, the court admonished the jurors:

> "Don't discuss the case among yourselves, and don't allow anyone to approach you and address you concerning the case. Do not form or express any opinion on the case until it is finally submitted to you by the Court for your decision."

A similar admonition was given at the end of the first day of trial. Thereafter, when a recess was taken, the court usually reminded the jury of his admonition, without repeating it.

In support of a motion for a new trial, Klee presented an affidavit of one of the jurors which says that eleven of the fourteen jurors (including alternates) discussed the case during recesses and that nine of the jurors expressed premature opinions about Klee's guilt. If the affidavit is true, the jurors disregarded the court's admonition.

While we are aware that most judges give similar admonitions to juries, we have never had occasion to pass upon either the propriety of or the necessity for such an admonition. The circuits are not in agreement on the question. See, *e. g.,* Winebrenner v. United States, 8 Cir., 1945, 147 F.2d 322; 23A C.J.S. Criminal Law § 1361 (1961). *But cf.* United States v. Carter, 10 Cir., 1970, 430 F.2d 1278, 1279; Rotolo v. United States, 5 Cir., 1968, 404 F.2d 316, 317; United States v. Viale, 2 Cir., 1963, 312

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

1. The court instructed, in part:

 "The term willfully used in the statute which I have read to you, that is, referring to one who willfully fails to make such a return, means voluntary, purposeful, deliberate and intentionally, as distinguished from accidental, inadvertent, or negligent.

 Mere negligence, even gross negligence, is not sufficient to constitute willfulness under the criminal law.

 The failure to make a timely return is willful if the defendant's failure to act was voluntary and purposeful, and with the specific intent to fail to do what he knew the law requires to be done; that is to say, with a bad purpose or evil motive to disobey or disregard the law which requires to (sic) file a timely return which discloses to the government facts material to the determination of his tax liability.

 There is no necessity that the government prove that the defendant had an intention to defraud it, or to evade the payment of any taxes, for the defendant's failure to file to be willful under this provision of the law.

 On the other hand, the defendant's conduct is not willful if you find that he failed to file a return because of negligence, inadvertence, accident or reckless disregard for the requirements of the law, or due to his good faith misunderstanding of the requirements of the law."

F.2d 595, 602. Judge Woodrough, dissenting in *Winebrenner, supra,* said:

> "No normal honest Americans ever worked together in a common inquiry for any length of time with their mouths sealed up like automatons or oysters."

We think that there is a good deal in what he says. The important thing is not that jurors keep silent with each other about the case but that each juror keep an open mind until the case has been submitted to the jury. Be that as it may, we need not reach the problem of the propriety of the admonition here.

This is not a case that involves "any private communication, contact, or tampering, directly or indirectly, with a juror during a trial about the matter pending before the jury." Remmer v. United States, 1954, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654, nor does it involve the influence of the press upon the jury. Silverthorne v. United States, 9 Cir., 1968, 400 F.2d 627.

■ What is involved here is the premature discussion among the jurors themselves about the case. Assuming that there was juror misconduct, it is still true that not every incident of juror misconduct requires a new trial. United States v. Goliday, 9 Cir., 1972, 468 F.2d 170, 171; United States v. Collier, 7 Cir., 1966, 362 F.2d 135, 137–138; United States v. Bando, 2 Cir., 1957, 244 F.2d 833, 848–849; Cavness v. United States, 9 Cir., 1951, 187 F.2d 719, 723. The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial. Cavness v. United States, *supra,* 187 F.2d at 723.

The juror's affidavit here does not assert that any of the jurors relied upon any evidence outside of the record in reaching their verdict, nor does it assert that any of the jurors actually decided upon the defendant's guilt before the case was submitted to them. The trial judge carefully examined the affidavit's allegations and ruled that even if everything in the affidavit were true a new trial was not required. Though the

judge expressed his disapproval of such juror conduct, he commented that "the question is whether such conduct prejudiced defendant's right to a fair trial by an impartial jury." He correctly observed that "the only genuine issue in dispute was defendant's state of mind. On this point the jury demonstrated its open-mindedness by requesting re-reading of the instructions on willfulness before bringing in its verdict." The trial judge therefore held that "[u]nder all these circumstances the Court finds that the affidavit does not present any questions which requires further inquiry and does not justify a new trial."

■ When a wise and experienced judge, who presided at the trial and observed the jury, comes to such a conclusion, it is not for us to upset it. The trial judge "was in a better position than we are to determine whether what happened was prejudicial." United States v. Goliday, *supra,* 468 F.2d at 172, *cf.* United States v. Noah, 9 Cir., 1973, 475 F.2d 688, 692. It was not error to deny the motion for a new trial.

3. *Klee's motion to appear pro se and through counsel.*

■ The denial of Klee's motion was not error. He had two competent counsel. He does not like the income tax law, or his obligation to file income tax returns. His obvious motive was to be able to spout his notions to the jury without having to take the witness stand. The constitution guarantees Klee the effective assistance of counsel; it does not give him absolute discretion to dictate the form of that representation. Klee does not assert that he was denied effective representation. What Klee wanted was equal status with his attorneys and full rights of participation at every stage of the proceedings. The trial court offered him the opportunity to participate at various stages of the trial but in the interest of courtroom order he limited Klee's activity. The court's action was proper. See Lofton v. Procunier, 9 Cir., 1973, 487 F.2d 434, 435. In Nelson v. People of the State of California, 9 Cir., 1965, 346 F.2d 73 at 81, we

said that "counsel must be the manager of the lawsuit" and that "[o]ne of the surest ways for counsel to lose a lawsuit is to permit his client to run the trial." See also Kuhl v. United States, 9 Cir., 1966 (in banc), 370 F.2d 20, 27. Those observations are pertinent here.

### 4. *Klee's December 13, 1971 tax return.*

Klee filed a tax return on December 13, 1971. It contained absolutely no information about Klee's tax status but merely stated "all details available on proper demand." Klee cannot legitimately claimed that this return fulfilled his obligation to file. "A taxpayer's return which does not contain any information relating to the taxpayer's income from which the tax can be computed is not a return within the meaning of the Internal Revenue Code or the regulations adopted by the Commissioner." United States v. Porth, 10 Cir., 1970, 426 F.2d 519, 523. United States v. Daly, 8 Cir., 1973, 481 F.2d 28, 29. The court was right in telling the jury so.

No other of Klee's assertions of error merits discussion.

Affirmed.

Moore, Circuit Judge, dissented with opinion.