**UNITED STATES of America**

v.

**Thomas E. LEECH, Robert M. Leech.**

**Crim. A. No. 84–90 ERIE.**

United States District Court,
W.D. Pennsylvania.

Feb. 4, 1985.

---

**12.** The Court expresses no view on this issue.

J. Alan Johnson, U.S. Atty., Pittsburgh, Pa., Rosemary Casey Meyers, David G. Barger, Sp. Attys., U.S. Dept. of Justice, Washington, D.C., for U.S.

John P. Garhart, Erie, Pa., for defendant Thomas Leech.

Leonard G. Ambrose, III, Erie, Pa., for defendant Robert M. Leech.

## FINDINGS AND OPINION

WEBER, District Judge.

Thomas and Robert Leech were found guilty by a jury on November 8, 1984 on three counts involving false corporate income tax returns and three counts of tax evasion on their personal income tax returns. On January 15, 1985, sentences of imprisonment, probation and fines were imposed on each. On January 16, 1985 they filed a notice of appeal and on January 22, 1985 they filed a motion for bond pending appeal.

■ On October 12, 1984 the Comprehensive Crime Control Act of 1984 was signed into law imposing new conditions for release on bond on appeal. The Act is applicable to these defendants. As applied to defendants the Act is not an unconstitutional ex post facto law. *United States v. Miller*, (3d Cir.1985), 753 F.2d 19. The defendants have abandoned this ground raised in their motion.

The criteria for release on appeal are set forth in Section 3143 of the Act:

(b) RELEASE OR DETENTION PENDING APPEAL BY THE DEFENDANT.

The judicial officer ... shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained unless the judicial officer finds—

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and

(2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in a reversal or an order for a new trial.

We have no difficulty with the first section as we had announced at the time of sentencing and we hereby make the finding required of Section 3143(b)(1).

With respect to the second we set a time for argument, and required defense counsel to set forth the issues to be raised on appeal and required the government to respond. On learning of the opinion of the Court of Appeals in *United States v. Miller,* filed January 18, 1985, we notified all counsel of the opinion which dealt with the identical problem.

We are instructed by that opinion that "a court must determine that the question raised on appeal is a 'substantial' one, i.e. it must find that the significant question at issue is one which is either novel, which has not been decided by controlling precedent or which is fairly doubtful." (P. 23).

Further the court "must determine that the issue is sufficiently important to the merits that a contrary appellate ruling is likely to require a reversal or a new trial." (P. 23).

Finally, the issue must be one that is "likely to result in reversal or an order for a new trial on all counts on which a sentence of imprisonment was imposed." (P. 24).

█ With these standards in mind we will examine the questions for appeal that the defendants have raised in their motion.

I. The trial court admitted into evidence a statement of Thomas Leech to the effect that he and Robert split the cash received from the sale of scrap produced by their corporation. The statement was given in evidence by the Internal Revenue Service agent who was conducting the civil investigation of the matter. Neither Thomas nor Robert Leech took the witness stand.

Primarily, this fact was never disputed at trial by defendants and was largely established by defense evidence. The government's first witness, a scrap metal dealer, testified as to payments of cash to both defendants. The defendant Thomas Leech being interviewed was the treasurer of the corporation owned principally by both defendants in equal shares, and he was the person available for interview at the time the civil investigation began. The defense of the defendants was that the receipt of payment for the scrap was omitted from the corporation's records and income tax return by mistake or inadvertence, and that the cash received by the individual defendants was not income to them because they were loans from the corporation. In support of this defense defendants presented documents including a belated entry into the corporate minute book ratifying the loans in equal amounts to the two officers, by undated demand promissory notes by each defendant agreeing to repay equal amounts of money to the corporation, and by subsequent amended tax returns showing additional receipts of equal amounts of money from the corporation, the corporate cash receipts journal showing repayment in equal amounts by the defendants, and by the actual cancelled checks of defendants showing the repayment of equal amounts. Of course it is not material to the charges whether or not the "split" was equal; defendants' evidence establishes that it was equal.

In any event, the testimony if admitted in error, has relevance only to the counts relating to the individual tax returns. The defendants were also both convicted and sentenced to terms of imprisonment on the three counts against each defendant dealing with the false corporation tax return.

We, therefore, find that defendants have failed to show that the admission of such evidence is sufficiently important to the merits that a contrary appellate ruling is likely to require reversal or a new trial.

II. The defendants also appeal on the grounds that the court in its charge to the jury on the point of wilfulness refused the request of defendants to include the term "gross negligence."

The court did charge the jury on all the other definitions of wilfulness requested, including the points requested that mistake or negligence is not sufficient to constitute wilfulness. The court heard arguments on the point before giving the charge, and specifically excluded the words "gross negligence" because of the possibility of jury confusion over this term of art. The court at that time found, and subsequent research has found, no commanding authority for such inclusion. We only found one

reported instance of its use. *United States v. Klee,* 494 F.2d 394 (9th Cir.1974), and there it was not in issue. The appeal by the defendants in that case raised the question of the court's refusal to define wilfulness by including a particular sentence which the trial court rejected. In affirming the conviction, the Court of Appeals in a footnote set forth the charge given, which included the term "gross negligence" as not sufficient to constitute wilfulness.

The charge given by the court was in accordance with the established precedents on which the court relied, basically *United States v. Pomponio,* 429 U.S. 10, 12, 97 S.Ct. 22, 23, 50 L.Ed.2d 12 (1976), and *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973). We therefore do not find the question novel or one which has not been decided by controlling precedent, *vid. United States v. Miller,* supra (P. 23). A defendant is not entitled to a specific wording of a requested instruction if the instruction given is adequate, and the trial court relies on the language of the controlling precedents in framing its charge because, in the words of Lord Coke, "the known certainty of the law is the safety of all."

We do not find that the specific objection to the charge meets the statutory requirement of Section 3143(b)(2) of a substantial question of law likely to result in reversal or new trial.

III. The defendants raise a question of the conduct of the trial judge during trial as indicating the court's belief in the defendants' guilt. They gave no specifics in their memorandum and when pressed at oral argument gave a few instances of the judge posing questions to witnesses. Generally, the questions posed were clarifying questions on a single matter. There was no extended questioning of any witness.

The presentation of defendants by memorandum or oral argument fails to show any issue that is fairly doubtful.

IV. The defendants' original motion asked for recusal of the trial judge. We feel that this was impelled by a discussion between counsel and the court at the time of sentencing concerning the application of Section 3143(b), which the government asked to be applied to deny bail. At that time the court expressed the same concerns as did the trial judge in *United States v. Miller,* supra (P. 22), that a court "could grant bail on appeal only upon finding that its own rulings were likely to be reversed" and that "it would be, I think a very rare case that the judicial officer would make such a finding ...". We were determined nevertheless to set the matter for full argument, and in the meantime we received the teachings of *United States v. Miller* from our Court of Appeals.

At argument defense counsel did not press the argument for recusal, and in any event they did not attempt to follow the procedures of 28 U.S.C. §§ 144 and 455. There is no suggestion that any judicial bias stemmed "from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge has learned from participation in the case." *United States v. Grinnell Corporation,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966). Nor do we think that the statement of the court to the defendants on sentencing that the evidence strongly supported the verdict of guilty is applicable here.

An appropriate order will be entered.