PETER R. KUHL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kuhl v. Commissioner
Docket No. 12165-84
United States Tax Court
T.C. Memo 1988-446; 1988 Tax Ct. Memo LEXIS 476; 56 T.C.M. (CCH) 250; T.C.M. (RIA) 88446; September 20, 1988
Peter R. Kuhl, pro se. Steven M. Roth, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent, in a statutory notice *478 of deficiency dated April 6, 1984, determined a 1980 income deficiency in the amount of $ 4,996, an addition to tax under section 6653(b) [1] in the amount of $ 5,988 and in addition to tax under section 6654(a) in the amount of $ 763. Following concessions by the parties, the issues remaining for our consideration are: (1) Whether petitioner received dividend income in the amount of $ 17,493 or in the amount of $ 14,412 as claimed by petitioner; (2) whether petitioner is liable for an addition to tax pursuant to sections 6653(b) and 6654(a) or in the alternative [2] additions to tax pursuant to sections 6651(a)(1), 6653(a) and 6654(a); and (3) whether damages should be awarded to the United States under section 6673. *479 FINDINGS OF FACT The parties entered into a stipulation of facts [3] along with attached exhibits which are incorporated by this reference. Petitioner, Peter R. Kuhl, resided in Los Angeles, California, at the time of filing the petition instituting this proceeding. At all times pertinent to this case, petitioner was a "medical doctor" in the State of California. Beginning in 1966, Morris Gross, C.P.A. (Gross), became petitioner's accountant for business purposes and for preparation of income tax and other returns. Gross recapped income and expense records, reconciled bank accounts, and prepared income tax and payroll tax returns for submission to respondent. Gross performed these services for 11 years until it was time for petitioner to file his 1977 Federal individual income tax return during the early part of 1978. At that time, petitioner advised Gross that "he wasn't sure whether he wanted to file a Fifth Amendment return." Gross advised petitioner that he would have no part of filing a "Fifth Amendment return." *480 Petitioner proceeded to file a Form 1040 with "NONE" or "**" in each of the pertinent spaces for income and deductions. Additionally, the document submitted to respondent by petitioner for 1977 stated a "Fifth Amendment objection" and had an attached copy of correspondence between Irwin Schiff and the United States Treasury Department concerning "whether federal reserve notes are not dollars." For the preceding 3 years (1974, 1975 and 1976 returns appeared in all respects to be properly filled-in and reported income and deductions concerning petitioner's medical practice. For 1978, 1979 and 1980 petitioner submitted Forms 1040 with the words "none," "object self-incrimination" or "OBJECT**" in each pertinent space on the form. With respect to the 1977, 1978, and 1979 taxable years, respondent had issued a separate notice of deficiency, dated April 13, 1983, which was petitioned and resulted in this Court rendering a bench opinion. In that opinion this Court held that petitioner did not have a reasonable basis to assert his privilege against self-incrimination and that petitioner's failure to file proper returns for the 1977, 1978 and 1979 taxable years was due to fraud with intent *481 to evade tax. Kuhl v. Commissioner, docket No. 16858-83, decision entered February 3, 1986. Petitioner appealed the opinion and decision and the Circuit Court of Appeals for the Ninth Circuit, in an unpublished opinion, affirmed our opinion and monetarily sanctioned petitioner in the amount of $ 1,500 for filing a frivolous appeal. Kuhl v. Commissioner, No. 86-7238 (9th Cir., filed March 30, 1987). The setting of this case is somewhat different, in that petitioner caused a Form 1040X for his 1980 taxable year to be filed on May 13, 1983. In the Form 1040X petitioner reported income and deductions in a manner similar to his 1974, 1975 and 1976 returns. Petitioner, however, placed asterisks next to all amounts reported. The asterisks refer to the following statements placed on page one of the Form 1040X "Self-incrimination privilege and immunity are claimed per attached Fed. Rules of Evid. 501, 1101(c), Calif. Code of Evid., Sec. 901, 914, 940." and "Privileged evidence or information disclosed under coercion per attached Fed. Rules of Evid. 501, 1101(c) *482 , Calif. Code of Evid., Sec. 919." Petitioner's Form 1040X also contained the following statement: "The Witness, Peter R. Kuhl, involuntarily gives up or waives his claim of self-incrimination privilege and immunity under threat of statutory penalty." Petitioner's 1980 Form 1040X reports dividend income totaling $ 14, 412. Respondent determined that petitioner's dividend income for 1980 totaled $ 28,986 resulting in a $ 14,575 increase to petitioner's 1980 income. Respondent now contends that dividend income for 1980 totals $ 17,493 or a difference of $ 3,081 from the amount reported. Petitioner received dividend checks at various times during the 1980 taxable year, some of which were payable in foreign currencies. If petitioner had cashed or converted all checks into United State currency upon receipt, he would have received $ 17,493. Petitioner, however, cashed or converted the foreign dividend checks during 1980 on dates [4] other than the date of receipt and received $ 14,412 due to currency conversion fluctuations. *483 Petitioner was advised prior to April 1981, that he was under criminal investigation by the Internal Revenue Service for violations of the criminal provisions of the Internal Revenue Code. Petitioner executed his 1980 Form 1040 with "OBJECT**" on each line on April 2, 1981, and it was received by the Internal Revenue Service Center at Fresno, California, on April 7, 1981. At the time petitioner was required to file a Federal income tax return for his 1980 taxable year, he was under threat of criminal prosecution for violation of criminal provisions of the Internal Revenue Code. OPINION We first consider the amount of petitioner's 1980 taxable dividends. A "dividend" is a "distribution of property made by a corporation to its shareholders." Sec. 316(a). A distribution made by a corporation to its shareholders shall be included in the gross income of the distributees when the cash or other property is unqualifiedly made subject to their demands. If "such distribution is a distribution other than in cash, the fair market value of the property shall be determined as of the date of distribution * * *." Sec. 1.301-1(b) Income Tax Regs. This is essentially a rule of constructive *484 receipt and petitioner clearly had the unqualified right and ability to convert the foreign dividend checks to United States currency upon receipt. This situation is the same or analogous to the receipt of foreign currency. See Marty v. Commissioner,T.C. Memo. 1972-11. The rule is applicable irrespective of whether a taxpayer's accounting method is cash or accrual. American Light & Traction Co. v. Commissioner3 T.C. 1048 (1944), affd. 156 F.2d (7th Cir. 1946); Dynamics Corp. of America v. United States,392 F.2d 241 (Ct.Cl. 1968). We hold that respondent is correct in determining that petitioner's dividend income should be valued or measured as of the time he had unqualified control and that $ 17,493 is the correct amount of dividend income that petitioner should have reported for 1980. Petitioner argued, at trial, that his loss on conversion of the foreign dividend checks to United States currency should be considered in determining the amount of dividend reportable. Although we disagree with petitioner's argument that the reportable dividend income should be netted or reduced, we hold that the $ 3,081 loss realized upon conversion *485 of the foreign dividend checks to United States currency during 1980 should be recognized as a short-term capital loss. Once petitioner realized reportable dividend income valued at $ 17,493, he acquired a $ 17,493 basis in that property right to payment in foreign currency. A draft payable in foreign currency is not "cash" for dividend purposes and must be valued or converted into United States currency equivalence. Marty v. Commissioner,supra.But a foreign currency draft is the same or substantially similar to a security and it can be held as an investment based upon speculation in currency fluctuation. As such, gains or losses realized would be includable in or deduction from income. See section 1221, KVP Sutherland Paper Co. v. United States,344 F.2d 377 (Ct.Cl. 1965). In the factual setting of this case, petitioner's failure to convert his foreign dividend checks to United States currency, upon receipt, placed him in the position of an investor or speculator in foreign currency value fluctuation in relation to United States currency. Next, we consider whether the Form 1040 filed by petitioner constituted a return. Petitioner submitted *486 a Form 1040 for 1980 with "OBJECT**" in each pertinent space provided for income, credits, deductions, etc., on the form. A document which merely raises Fifth Amendment-type assertions and does not supply information from which a tax could be computed, does not constitute a tax return within the meaning of the Internal Revenue Code. Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); United States v. Klee,494 F.2d 394 (9th Cir. 1974), cert. denied 419 U.S. 835 (1974), United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). Sections 6012 and 6072 require the filing of a Federal income tax return on or before April 15 of the year following the calendar year that a taxpayer has gross income. Petitioner failed to file a proper return for his 1980 taxable year. The submission of a Form 1040X during May 1983 does not ameliorate petitioner's failure to timely and properly file a Federal income tax return for 1980. The filing of income tax returns in accordance with the then current statutory and regulatory provisions does not per se, violate a taxpayer's privilege against *487 self-incrimination under the Fifth Amendment. White v. Commissioner,72 T.C. 1126, 1130 (1979). Petitioner in this case was under criminal investigation by the Internal Revenue Service at the time he "filed" the "Fifth Amendment return" for 1980 (during April 1981). See United States v. Neff,615 F.2d 1235 (9th Cir. 1980); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Edwards v. Commissioner,supra.
Respondent bears the burden of proving that part of an underpayment of tax is attributable to fraud. Sec. 7454; Rule 142(b). The existence of fraud is a question of fact and must be shown by clear and convincing evidence. Grosshandler v. Commissioner,75 T.C. 1, 19 (1980). Where, as here, petitioner was being investigated for Internal Revenue Code criminal violations, his submission of a "Fifth Amendment return" does not readily appear to be motivated by a desire to evade tax rather than a fear of self-incrimination. That being respondent's only evidence of fraud, we hold that respondent has failed to carry his burden of proving that petitioner's *488 "return" or failure to file was fraudulent with intent to evade tax within the meaning of section 6653(b). Although respondent has not proven fraud with respect to petitioner's 1980 taxable year, failure to file (section 6651(a)(1)), negligence or intentional disregard for the rules and regulations (section 6653(a)), and failure to pay estimated tax (section 6654(a)) are all clearly supported by the record in this case. Respondent pled sections 6651(a)(1) and 6653(a) in the alternative if we did not find that section 6653(b) was applicable. Respondent, accordingly, bears the burden of showing that those additions are applicable. Respondent has carried his burden by showing that the document filed by petitioner did not constitute a proper return of income from which a tax would be computed and by showing that petitioner did not have reasonable cause for failing to report and pay over his tax liability. Petitioner bore the burden of proof with respect to the addition to tax under section 6654(a). Welch v. Helvering,290 U.S. 111 (1933) Rule 142(a). Petitioner offered no evidence or explanation of his failure to pay estimated tax. In view of the foregoing, we *489 hold that petitioner is liable for the additions to tax under sections 6651(a)(1), 6653(a) and 6654(a) for his 1980 taxable year. Finally, respondent, by motion, seeks an order for damages from petitioner under section 6673. Respondent seeks damages under section 6673 alleging that the petitioner's position in this proceeding is frivolous or groundless and that this proceeding was maintained primarily for delay. Considering that several of the issues were decided in petitioner's favor and it does not appear that this proceeding was maintained primarily for delay, respondent's motion for damages will be denied. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year in issue. All rule references are to this Court's Rules of Practice and Procedure. ↩
2. By an order dated Jan. 30, 1986, respondent was permitted to amend his answer to seek additions to tax under secs. 6651(a)(1) and 6653(a) in the alternative to sec. 6653(b) as determined in the notice of deficiency. Respondent bears the burden of proof with respect to these additions to tax irrespective of which alternative, if any, should be redetermined as applicable. See sec. 7454(a); Rule 142(a) and (b). ↩
3. The stipulation of facts and exhibits were filed at the January 20, 1986, Los Angeles calendar, but no trial was conducted because petitioner was provided additional time to respond to respondent's allegations of fraud and affirmative allegations concerning the additions to tax in the alternative. Subsequently, this case was set on an April 20, 1987, Los Angeles calendar for trial, and the stipulation of facts was acknowledged by the parties as correct and filed and received in evidence at the trial conducted on April 20 and 23, 1987. ↩
4. As far as can be determined from this record, the earliest receipt of a foreign dividend is during Jan. 1980, and the latest is during Nov. 1980. Accordingly, the issue addressed by the Ninth Circuit Court of Appeals (to which appeal would like in this case) in Baxter v. Commissioner,816 F.2d 493↩ (9th Cir. 1987), concerning a taxpayer's ability to obtain and/or cash a check which is available on Dec. 30, does not arise in this case. We reference this aspect in this case only because of respondent's focus upon it in his brief.