**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus Martin CUNACA, Defendant– Appellant.**

**No. 00–10248. D.C. No. CR–99–00877–EHC.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 14, 2001.

Decided May 21, 2001.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

Defendant Jesus Martin Cunaca appeals his conviction of possession with intent to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

distribute cocaine and importation of cocaine and the resulting imposed sentence. Because the parties are familiar with the facts and procedural history of the case, we will not recount it here. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

## I

We affirm the district court's denial of Cunaca's motion pursuant to Fed. R.Crim.P. 29(c) for a mistrial based on juror misconduct. When addressing potential misconduct, "it is within the trial judge's discretion to determine whether and when to hold an evidentiary hearing on such allegations. If the judge orders an investigative hearing, it is within his discretion to determine its extent and nature." *United States v. Hendrix,* 549 F.2d 1225, 1227–28 (9th Cir.1977). Furthermore, the defendant must show prejudice: "The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *United States v. Klee,* 494 F.2d 394, 396 (9th Cir.1974).

We need not decide whether the trial judge should have conducted a hearing upon receiving the juror's note because any error in declining to do so was harmless. At the post-trial hearing, the juror in question testified that she believed the jury truly deliberated, and that more than one vote was taken before the jury reached its verdict. Here, as in *Klee,* "the juror's [testimony] does not assert that any of the jurors relied upon any evidence outside of the record in reaching their verdict, nor does it assert that any of the jurors actually decided upon the defendant's guilt before the case was submitted to them." In short, there is no evidence that any preliminary juror discussions af-

fected the verdict or deprived the defendant of a fair trial. Absent prejudice, the defendant cannot prevail on this claim.

## II

Assuming, without deciding, that the district court erred in admitting testimony concerning the computer referral of Cunaca's car to secondary inspection, any error was harmless. The evidence was cumulative of documentary evidence admitted without objection. More importantly, Cunaca makes no showing–nor could he–that the error more probably than not contributed to the conviction. *United States v. Lui,* 941 F.2d 844, 848 (9th Cir.1991). Proof of guilt was overwhelming.

## III

The district court did not clearly err in denying Cunaca's request for a § 3B1.2 minor role adjustment. USSG § 3B1.2 (providing for a two-level downward adjustment if the defendant played only a "minor role" in the criminal enterprise). The district court based its denial on the following facts: (1) Cunaca had lied about where he had purchased his car; (2) Cunaca had driven over 16,000 miles in the car between April and November; (3) Cunaca had over $300 in cash on his person when he was apprehended; and (4) the quantity and purity of the drugs in Cunaca's car, which indicated that Cunaca was a known and trusted courier. Under these circumstances, the denial of a minor role adjustment was not clearly erroneous. *See, e.g., United States v. Hursh,* 217 F.3d 761, 770 (9th Cir.2000); *United States v. Lui,* 941 F.2d 844, 849 (9th Cir.1991).

AFFIRMED.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.