UNITED STATES of America, Plaintiff—Appellee,

v.

Jessie Rodriguez BARRON, Defendant—Appellant.

No. 02–50181.

D.C. No. CR–94–00559–DMT–01.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2003.

Decided March 12, 2003.

Before LAY,* HAWKINS, and TALLMAN, Circuit Judges.

MEMORANDUM**

Appellant Jessie Barron ("Barron") waived the right to challenge the admissibility of his prior conviction by introducing the conviction on direct examination. *Ohler v. United States,* 529 U.S. 753, 760, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000) ("a defendant who preemptively introduces evidence of a prior conviction on direct examination may not on appeal claim that the admission of such evidence was error").

Moreover, even if Barron did not waive the issue and we were to assume that the district court erred by permitting the gov-

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ernment to cross-examine Barron about the conviction, any error was undoubtedly harmless. The focus on the prior conviction was minimal, and the government made no reference to it in closing argument. *See United States v. Hernandez–Miranda,* 601 F.2d 1104, 1109 n. 10 (9th Cir.1979) ("The extent to which the Government relies upon the inadmissible prior offense evidence is a factor which can be considered in deciding whether reversible error resulted.").

The money laundering jury instruction, read as a whole, did not conflict with the indictment or relieve the prosecution of its burden of establishing that the proceeds were derived from the manufacture and sale of methamphetamine.

The district court did not abuse its discretion by denying Barron's motion for a mistrial as a result of juror misconduct. The judge questioned each juror about the improper discussions and concluded that the incident did not rise to the level of misconduct that would warrant a mistrial. The trial judge is in the best position to determine whether the misconduct was prejudicial, *United States v. Klee,* 494 F.2d 394, 396 (9th Cir.1974), and nothing in the record compels reversal of the district court's ruling.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.