**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Esequiel QUESADA–GARCIA,**
**Defendant–Appellant.**

**No. 06–10266.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 17, 2007.

Filed May 2, 2007.

Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Dwight M. Samuel, Esq., Sacramento, CA, for Defendant–Appellant.

---

* The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and BENITEZ *, District Judge.

## MEMORANDUM **

Esequiel Quesada–Garcia was convicted of conspiring to manufacture marijuana plants, 21 U.S.C. §§ 846 and 841(a)(1), manufacturing marijuana plants, 21 U.S.C. § 841(a)(1), and possessing a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i). Quesada–Garcia argues that his conviction must be reversed because some members of the jury (1) considered extrinsic evidence obtained on the Internet prior to determining the verdict, and (2) discussed the case without all twelve jurors present before jury deliberation. In addition, Quesada–Garcia asserts the district court (3) erred by failing to articulate its consideration of 18 U.S.C. § 3553(a), and (4) imposed an unreasonable sentence under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Quesada–Garcia's juror misconduct arguments are unpersuasive. First, the district court's finding of no exposure to extrinsic evidence is supported by the record. Second, even if two members of the jury were exposed to extrinsic evidence tending to show that Quesada–Garcia's co-conspirator was guilty, the record before this court does not reveal that Quesada–Garcia suffered prejudice. *See United States v. Saya*, 247 F.3d 929, 937–939 (9th Cir.2001). The evidence was discussed only by two jurors; it was discussed on the last day of trial; the discussion was brief and isolated; the district court exercised due caution by interviewing all twelve jurors individually to determine the extent of the misconduct; the court excused one of the jurors; and, most importantly, Quesada–Garcia's entire defense rested on the fact that his co-conspirator Chacon was guilty. Third, although several jurors briefly discussed the case without all twelve jurors present before jury deliberation, Quesada–Garcia failed to produce any evidence revealing that the jurors' actions prejudiced him. *See United States v. Klee*, 494 F.2d 394, 396 (9th Cir.1974). In contrast, the record shows that the pre-deliberation discussions were short-lived, preliminary in nature, occurred after the close of all evidence, did not constitute deliberation, and were followed by a curative instruction from the district court.

Quesada–Garcia's sentencing arguments also fail. The district court correctly calculated the sentencing range, and appropriately imposed both of the two-level sentence enhancements. In addition, the district court sentenced Quesada–Garcia to the bottom of range after sufficiently considering several of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006).

**AFFIRMED.**

---

* The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.