**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 07 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MICHAEL ANTHONY PIÑA,

                Petitioner-Appellant,

v.

STATE OF WASHINGTON, et al.,

                Respondents-Appellees.

No. 09-35483

D. C. No. 2:08-cv-00511- MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted August 2, 2011
Seattle, Washington

Before:    SCHROEDER and M. SMITH, Circuit Judges, and FOGEL, District
              Judge[**]

      Petitioner-Appellant Michael Piña ("Piña") appeals the district court's denial

of his petition for writ of habeas corpus brought under 28 U.S.C. § 2254 (2006).

He asserts that the district court erred in concluding that his federal constitutional

---

     [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**] The Honorable Jeremy Fogel, United States District Judge for the
Northern District of California, sitting by designation.

claims of juror misconduct are unexhausted and procedurally barred.

Piña exhausted his juror misconduct claims by presenting them to the Washington Supreme Court in a personal restraint petition. *See Casey v. Moore*, 386 F.3d 896, 919 (9th Cir. 2004) (noting that "[i]n Washington, a personal restraint petition may be used to assert the violation of a federal constitutional right even if the defendant did not raise the issue on direct appeal.").

We need not decide whether Piña's juror misconduct claims are procedurally barred because those claims clearly lack merit. *See Franklin v. Johnson*, 290 F.3d 1223, 1232 (9th Cir. 2002) ("[A]ppeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar."); *see also Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) (holding that for reasons of judicial economy an appellate court may pass on deciding complicated procedural bar issues when a petition is "easily resolvable against the  habeas petitioner" on other grounds).

The state appellate court concluded that, even accepting as true Piña's claim that his mother overheard jurors discussing the case during an afternoon recess, there was no indication that such discussion prejudiced Piña's rights or that the

2

trial court's subsequent cautionary instructions were insufficient to ensure a fair trial. These conclusions are entirely consistent with our case law. *See Davis v. Woodford*, 384 F.3d 628, 653 (9th Cir. 2004) (trial court's cautionary instructions were sufficient to cure any possible prejudice arising from jury's alleged premature deliberations); *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974) ("The important thing is not that jurors keep silent with each other about the case but that each juror keep an open mind until the case has been submitted to the jury. . . . The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial."). In fact, the state appellate court relied expressly upon *Davis* and *Klee* in rejecting Piña's juror misconduct claims. We have not found any United States Supreme Court authority that mandates a different result. *See Musladin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009) (citing 28 U.S.C. § 2254(d)) (holding in relevant part that a habeas petitioner must demonstrate that the challenged state court decision was contrary to, or involved an unreasonable application of, United States Supreme Court authority).

    **AFFIRMED.**