**NOT FOR PUBLICATION**

# FILED



OCT 10 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSEPH JOHN PLANY,

Defendant-Appellant.

Nos.  15-10270
15-10429

D.C. No.
2:12-cr-01606-SRB-2

MEMORANDUM[*]

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

PAXTON JEFFREY ANDERSON,

Defendant-Appellant.

Nos.  15-10275
15-10440

D.C. No.
2:12-cr-01606-SRB-1

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted August 7, 2017
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.

1. Defendants Paxton Anderson and Joseph Plany appeal the district court's order denying their motion for judgment of acquittal or, alternatively, for a new trial. Anderson challenges his conviction for Counts 1, 2, 4, 5, 8–10, 13, 24, 26, 27, and 30–32, and Plany challenges his conviction for Counts 4, 5, 9, 10, 13, 24, 26, 27, and 30–32. We review de novo a district court's denial of a motion for judgment of acquittal. *United States v. Jinian*, 725 F.3d 954, 959 (9th Cir. 2013). We review a district court's denial of a motion for a new trial for abuse of discretion. *United States v. French*, 748 F.3d 922, 934 (9th Cir. 2014).

On Count 1, involving Jason Woodward, the government's evidence that M&I Bank was the lender in question was: (1) Wil Daly's testimony that Greg Slater was a loan officer for M&I Bank; (2) Greg Sanchez's testimony that Greg Slater was "probably" the lender; and (3) testimony from Mike Blemaster that he prepared a loan package for Woodward, and that he usually submitted loans around this size to M&I Bank or TierOne. Viewing the evidence in the light most favorable to the prosecution, the evidence was insufficient to allow any rational juror to find, *beyond a reasonable doubt*, that M&I Bank was the lender for

Count 1. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Rios*, 449 F.3d 1009, 1011 (9th Cir. 2006).

There was, however, sufficient evidence to allow reasonable jurors to find that M&I Bank and TierOne were FDIC-insured institutions and were the lenders on the remaining counts. The evidence consisted of certificates of proof of insured status; testimony from Daly, Blemaster, and Sanchez; Tasha Henstein's testimony regarding draw requests to M&I Bank; copies of loan applications and draw requests; and payment information.

There was similarly sufficient evidence to allow jurors to conclude that the falsified draw requests were material. Evidence, including Daly's testimony, established that forgery of the borrowers' signatures was "capable of influencing[] . . . the decision of the decisionmaking body to which [the misrepresentation] was addressed." *See United States v. Lindsey*, 850 F.3d 1009, 1013 (9th Cir. 2017) (quoting *Neder v. United States*, 527 U.S. 1, 16 (1999)).

Defendants failed to show that they are entitled to a judgment of acquittal or a new trial based on prosecutorial misconduct. There is insufficient evidence that the government presented false information at trial, intentionally or otherwise, or that any misconduct by the government substantially prejudiced defendants. *See*

*United States v. Atcheson*, 94 F.3d 1237, 1244 (9th Cir. 1996); *United States v. Kearns*, 5 F.3d 1251, 1253–54 (9th Cir. 1993).

Although the district court misstated the standard for motions for a new trial, the remainder of the district court's order establishes that it nonetheless applied the correct standard for defendants' weight-of-the-evidence and prosecutorial-misconduct arguments. The district court reviewed the evidence in detail. It found that "there [wa]s enough evidence that was admitted that connects M&I Bank to the loans and that corroborates Mr. Daly's testimony about M&I Bank's involvement with the loans." It also considered Blemaster's testimony that he submitted a loan application for Marti Jo Anderson to TierOne Bank. The district court also made an express finding that no prosecutorial misconduct occurred during discovery. The district court thus properly carried out its role in ruling on a motion for a new trial. *See United States v. Rush*, 749 F.2d 1369, 1372 (9th Cir. 1984); *see also United States v. Alston*, 974 F.2d 1206, 1211–12 (9th Cir. 1992) (stating that district courts may grant new trials where "a serious miscarriage of justice may have occurred" (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

2. The district court did not plainly err by failing to dismiss a sleeping juror. *See Puckett v. United States*, 556 U.S. 129, 135 (2009) (discussing plain error

review). The juror missed a minimal amount of testimony, and defendants were not substantially prejudiced. *See United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974) ("[N]ot every incident of juror misconduct requires a new trial. The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." (citations omitted)).

3. The district court's failure to dismiss venire panelist 19 for cause did not violate defendants' Sixth Amendment rights. After the district court declined to dismiss panelist 19, the panelist was eliminated through a peremptory strike. If the trial court erroneously refuses to dismiss a juror for cause, and "the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right." *United States v. Martinez-Salazar*, 528 U.S. 304, 307 (2000).

4. The conspiracy count in the indictment was not duplicitous. Reviewing the face of the indictment, we conclude that it is possible to "fairly read" it as charging a single offense involving one overarching conspiracy. *See United States v. Mastelotto*, 717 F.2d 1238, 1244 (9th Cir. 1983), *overruled on other grounds as recognized in United States v. Frega*, 179 F.3d 793, 803 (9th Cir. 1999).

5. The district court did not plainly err by failing to give a specific unanimity instruction sua sponte. *See United States v. Lapier*, 796 F.3d 1090, 1096 (9th Cir. 2015). The district court gave a general unanimity instruction, *see United States v. Payseno*, 782 F.2d 832, 835 (9th Cir. 1986) ("Normally, a general instruction on the requirement of unanimity suffices to instruct the jury that they must be unanimous on whatever specifications form the basis of the guilty verdict."), and the detailed verdict form eliminated any "'genuine possibility of jury confusion' or a possibility 'that a conviction may occur as the result of different jurors concluding that the defendant committed different acts,'" *Lapier*, 796 F.3d at 1096 (quoting *Payseno*, 782 F.2d at 836).

6. Defendants have waived any claim regarding a fatal variance between the indictment and proof at trial, and we decline to address this argument. *See Brown v. Rawson-Neal Psychiatric Hosp.*, 840 F.3d 1146, 1148 (9th Cir. 2016).

7. The district court did not plainly err by failing to reduce Plany's sentence. Plany did not request a minor role adjustment at sentencing, and his entitlement to such an adjustment is not plain. *See United States v. Hammons*, 558 F.3d 1100, 1103 (9th Cir. 2009). The record also establishes that the district court considered the relevant factors under U.S.S.G. § 3B1.2 and justifiably concluded that Plany

was an average participant.  *See United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008).

8.  The district court did not err in its restitution order.  *See United States v. Gossi*, 608 F.3d 574, 577–78 (9th Cir. 2010).  Defendants' convictions, based on a fraudulent scheme, supported restitution for related conduct, *United States v. Lawrence*, 189 F.3d 838, 846 (9th Cir. 1999), and the evidence supported the district court's finding that the defendants' conduct caused the losses at issue, *see id.*

Defendant Anderson's conviction is **REVERSED** as to Count 1. Defendants' convictions on the remaining counts are **AFFIRMED**.  Defendants' sentences are also **AFFIRMED**.