**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

SEP 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff - Appellee,<br><br>  v.<br><br>RYAN ADELBERT JOHNSON,<br><br>             Defendant - Appellant. | No. 24-3716<br><br>D.C. No.<br>3:22-cr-08057-DGC-2<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted September 16, 2025
Phoenix, Arizona

Before: COLLINS, MENDOZA, and DESAI, Circuit Judges.

Ryan Adelbert Johnson appeals his convictions on two counts of assault with

a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3) and 1153, and one

count of discharge of a firearm during a crime of violence in violation of 18 U.S.C.

§ 924(c)(1)(A)(iii). Johnson challenges the sufficiency of the evidence supporting

his convictions. He also argues that the district court abused its discretion when it

_____

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

declined to declare a mistrial or excuse a juror during deliberations and assertedly pressured the jury to reach a verdict by the end of the week. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I. We review a claim of insufficient evidence de novo. *United States v. Hernandez-Orellana*, 539 F.3d 994, 1002 (9th Cir. 2008). First, we "consider the evidence presented at trial in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Second, we "determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319) (alteration in original).

Here, the government presented sufficient evidence to support Johnson's convictions. This evidence included the presence of Johnson's DNA on the rifle used to fire at police, Johnson's position in the front passenger seat of the vehicle, evidence suggesting that the shooter was in the front passenger seat (including evidence that it would have been difficult to fire the long rifle from the back seat and testimony that the shooter was at one point obscured by the front passenger seat), and Johnson's hairstyle (which is consistent with that of the shooter).

II. We review for abuse of discretion the trial court's decision not to excuse a juror. *United States v. Litwin*, 972 F.3d 1155, 1170 (9th Cir. 2020).

24-3716

Johnson argues that the district court was required to declare a mistrial based on a juror's note: "Can we ask about chang[]ing out a Juror because he states [he is] uncomfortable with sentencing[?]" In response to the note, the district court declined to excuse any jurors and instead reminded them that they may not consider punishment when reaching a verdict. This court ordinarily presumes that the jurors follow such instructions, *Weeks v. Angelone*, 528 U.S. 225, 234 (2000), and Johnson presents nothing to suggest this remedy was ineffective.

Additionally, Johnson fails to show that he was prejudiced by the district court's remedy. Although a juror's misconduct may sometimes warrant a mistrial, "not every incident of juror misconduct requires a new trial." *United States v. Klee*, 494 F.2d 394, 396 (9th Cir. 1974). "The test is whether or not the misconduct has prejudiced the defendant to the extent that he has not received a fair trial." *Id.* And the district court properly exercised caution about excusing a juror based on apparent opposition from fellow jurors, because such disputes could reflect "doubts the juror harbors about the sufficiency of the evidence," which would implicate the defendant's right to a unanimous verdict. *United States v. Symington*, 195 F.3d 1080, 1085 (9th Cir. 1999).

III. A district court may not make statements that coerce jurors to reach a verdict. *See Rodriguez v. Marshall*, 125 F.3d 739, 748 (9th Cir. 1997) ("Whether a judge has coerced a jury's verdict is a mixed question of law and fact which we

review de novo. We consider whether the court's actions were coercive under the totality of circumstances.") (citation modified); *see also United States v. Berger*, 473 F.3d 1080, 1089 (9th Cir. 2007) (stating that a district court's *Allen* instruction "must be upheld unless it is clear from the record that the charge had an impermissibly coercive effect on the jury" (quoting *United States v. Plunk*, 153 F.3d 1011, 1027 (9th Cir. 1998), *amended by*, 161 F.3d 1195 (9th Cir. 1998))). The district court did not set explicit deadlines on the length of trial or deliberations. The district court's statements that the trial was "expected to last five days" and that it was "confident it will be done by Friday" were not coercive considering the circumstances in which they were made. The district court also informed jurors and alternates that they might have to return on Monday to resume deliberations.

With limited exceptions that do not apply here, Federal Rule of Evidence 606(b) bars the district court from receiving evidence from a juror about deliberations. The district court properly denied permission to conduct further investigation into a juror's call to the district court's chambers nearly four months after the trial because the call did not relate to any of the exceptions to Federal Rule of Evidence 606(b).

**AFFIRMED.**

24-3716